**TETCO METAL PRODUCTS, INC.,**
Appellant,

v.

Glenn C. LANGHAM and Imogene N.
Langham, Appellees.

No. 23786.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1968.

William F. Horsley, Sam W. Pipes, III,
Irwin W. Coleman, Jr., Mobile, Ala.,
Lyons, Pipes & Cook, Mobile, Ala., of
counsel, for appellant.

Lionel L. Layden, Mobile, Ala., Moore,
Moore, Downing & Layden, Mobile, Ala.,
of counsel, for appellees.

Before JONES, WISDOM and DYER,
Circuit Judges.

DYER, Circuit Judge:

In January, 1962 the Langhams pur-
chased a hot water heater from a Mobile,
Alabama retailer. A ten year warranty
by the manufacturer, Tetco Metal Prod-
ucts, Inc., an Illinois corporation, against
defects in material and workmanship

came with the heater. The Langhams filled in the required information and returned the warranty card to Tetco's office in Illinois. Mr. Langham installed the heater in his home, where it functioned properly for about a year and then exploded, damaging the Langham's home and furniture. The Langhams brought suit against Tetco in the Southern District of Alabama to recover damages in the amount of $11,500. Service of process was made against Tetco by registered mail under Title 7, Section 199(1), Code of Alabama 1940 (Recomp. 1958).[1] Tetco filed a motion to quash service of process on the ground that it did not have those minimum contacts with Alabama necessary for that state to obtain jurisdiction. The motion was denied and the case proceeded to trial on the written express warranty. The jury returned a verdict for the Langhams in the amount of $5,000. At the outset on appeal Tetco raises the question of whether the district court erred in refusing to quash service of process. Tetco also raises several other questions but we pretermit any discussion of them in view of our conclusion that the district court lacked jurisdiction and should, therefore, have granted Tetco's motion to quash.

The evidence concerning Tetco's amenability to service consists of the uncontradicted[2] affidavit of Tetco's president. The affidavit shows that Tetco is an Illinois corporation, with its principal place of business in that state. It has never qualified to do business in Alabama; owns no property in Alabama; has no bank account there; neither owns nor operates a warehouse or other place of business in that state; has no salesman or repairman or other employee in Alabama; and manufactures no product in Alabama. Tetco's only connections with Alabama consist of shipping water heaters to independent Alabama retailers in response to their unsolicited orders, and of receiving the warranty cards from Alabama purchasers.

■■ In considering the validity *vel non* of substituted service of process to effect jurisdiction over a party, each case must be decided on its own facts and under the law of the forum state. Phillips v. Hooker, 5 Cir. 1967, 375 F.2d 189, 192. We are convinced that Tetco's connections with Alabama simply do not constitute doing business under Alabama law. In Ex parte Emerson, 1960, 270 Ala. 697, 121 So.2d 914, a Texas manufacturer sold its product to Alabama drugstores which sold to the public. The manufacturer paid several salesmen to cover the entire United States. However, these salesmen were not controlled by the manufacturer and paid their own travel and operational expenses. The Supreme Court of Alabama held that "the men selling Pedolatum in Alabama were either selling a product which they had purchased or were independent contractors and therefore Dr. J. B. King was not doing business within the State of Alabama." Ex parte Emerson, supra, at 920. There is no contention in this case that Tetco sold directly to any consumer, that it employed anyone to sell its water heaters, or that the retailers were selling the heaters as Tetco's agent. Here as in Emerson the manufacturer's product was distributed in Alabama by

---

1. That section reads, in pertinent part:
   Any * * * corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state * * * to be the true and lawful attorney or agent of such nonresident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such nonresident, or his, its or their agent, servant or employee. * * *

2. The affidavit of the Langham's attorney speaks only in terms of conclusions of law and cannot, therefore, be said to contradict the factual statements in the affidavit of Tetco's president.

an independent party over whom the manufacturer had no control.

 In determining whether there is jurisdiction under the Alabama long-arm statute, the courts have emphasized several factors as being indicative of doing business in the state: 1) presence of authorized agents in the state; 2) regular and systematic solicitation of orders by these salesmen; 3) continuous flow of its products into the state. Boyd v. Warren Paint & Color Co., 1950, 254 Ala. 687, 49 So.2d 559. On the other hand the absence of agents in the state and a small volume of sales in the state indicate that a company is not doing business there. Dooly v. Payne, 5 Cir. 1964, 326 F.2d 941; Ex parte Emerson, 1960, 270 Ala. 697, 121 So.2d 914. This case clearly falls into the latter category insofar as the shipping of goods to independent retailers is concerned. The fact that the Langhams filled out the warranty card and mailed it from Alabama does not change the result. While it may well be that "an action for breach of warranty defies categorization" as either tort or contract, Developments in the Law— State-Court Jurisdiction, 73 Harv.L.Rev. 909, 926 n. 115 (1960), we escape the dilemma here because the Langhams did not sign the warranty and presented no evidence to show that any "contract" was made in Alabama. Furthermore, by the terms of the warranty any performance due under it would take place at Tetco's factory in Illinois, not in Alabama.

The party seeking to invoke the jurisdiction of a court has the burden of establishing that jurisdiction exists, and this burden cannot be shifted to the party challenging the jurisdiction. Gaitor v. Peninsular & Occidental S.S. Co., 5 Cir. 1961, 287 F.2d 252, 253. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135. Tetco repeatedly challenged the jurisdiction of the district court. The Langhams presented no evidence to support the jurisdiction of the court, although they had ample opportunity to attempt to do so.[3]

On this state of the record the district court had no jurisdiction over Tetco under the Alabama long-arm statute.[4] The judgment of the district court is, therefore, reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

3. The president and general manager of Tetco was present at the trial and testified both on direct and on cross-examination. However, no questions even remotely designed to establish that Tetco was doing business in Alabama were asked of him.

4. See note 1, supra.