**Ladell BARRETT, Plaintiff-Appellant,**

**v.**

**BROWNING ARMS COMPANY, a corporation, Defendant-Appellee.**

**No. 28017.**

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1970.

Rehearing Denied and Rehearing
En Banc Sept. 14, 1970.

Roscoe B. Hogan, George S. Brown, for appellant; Hogan, Roach & Smith, Lowe & Williams, Birmingham, Ala., of counsel.

William G. Somerville, Jr., Birmingham, Ala., for appellee.

Before SIMPSON, MORGAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

This diversity suit, removed from the Alabama state court by the defendant/appellee Browning, is before this court on appeal from an interlocutory order of the United States District Court for the Northern District of Alabama granting the appellee's motion to quash service of process.

The plaintiff, Ladell Barrett, owned a Browning shotgun, the barrel of which

he detached and took to Byrum's hardware store in Ensley, Alabama, to have a polychoke attached. The plaintiff directed Mr. Byrum to send the barrel to Browning Arms Co. in St. Louis, Missouri to have the work accomplished. This was done in 1957 and it appears undisputed that at that time, Browning Arms Co. was not qualified to do business in Alabama, it had no designated agent in Alabama for service of process, nor did it have any office, property, telephone listing, warehouse or any other place of business. Further, it did not actively solicit any business in Alabama by any salesman or agent. The Company's only activity in Alabama was the furnishing of retailers with price lists and catalogues.

Commencing in March, 1966, the Browning Arms Co. employed an agent who visited retailers in Alabama and surrounding states and accepted orders for various Browning products, subject to final acceptance by Browning at its St. Louis office. It is also undisputed that the agent's activities were in no way connected or related to the plaintiff's cause of action.

In November, 1966, while the plaintiff was squirrel hunting in Dallas County, Alabama, he allegedly suffered severe injuries to his left eye when he fired his gun and the polychoke exploded, a piece of metal therefrom striking him in the eye.

In acquiring in personam jurisdiction over the defendant, Browning Arms Co., the plaintiff utilized the substituted service of process provision of the Alabama Long-Arm Statute by serving the Secretary of State and, in addition, served process upon the agent of Browning, then residing in Muscle Shoals, Alabama.

Unlike the usual Long-Arm Statute case involving the question of whether the state procedure providing for in personam jurisdiction over non-residents comports with constitutional due process requirements, the case at bar turns solely on the question of whether the defendant is amenable to service of process under the admittedly valid Alabama statutes.

Initially, it should be noted that "In considering the validity *vel non* of substituted service of process to effect jurisdiction over a party, each case must be decided on its own facts and under the law of the forum state." Tetco Metal Products, Inc. v. Langham, 387 F.2d 721, 722 (5 Cir. 1968); cf. Walker v. Savell, 335 F.2d 536 (5 Cir. 1964).

Sections 193 and 199(1) of Title 7 of the Code of Alamaba of 1940, as recompiled 1958, read in pertinent part as follows:

§ 193 Wherever a foreign corporation has carried on or transacted business in this state without qualifying to do business herein as is provided by the constitution and statutes of this state, and there is no other agent, and process, pleadings or papers cannot be served on such foreign corporation as is provided in the preceding section, then any legal process pleadings or papers, other than in equity, concerning causes of action arising out of or as consequence of acts or business done in this state, may be served upon any agent or servant of such foreign corporation who has made contracts for the corporation. * * *

§ 199(1) Any non-resident * * * corporation not qualified * * * as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued, accruing, or resulting from the doing of such business, or the performing of such work or service, or relating to or as an incident thereof, by any such non-resident, or * * * its * * * agent, servant or employee. And such

service shall be valid whether or not the acts done in Alabama shall of and within themselves constitute a complete cause of action.

Section 193 also provides, like § 199(1), that unqualified foreign corporations doing business in Alabama without appointing an authorized agent to accept service of process are deemed to have appointed the Secretary of State as agent for service of process in suits arising out of that business.

■ As recognized by the appellant, there is no constitutional obstacle to subjecting Browning to the jurisdiction of the Alabama courts under the theory that the defendant committed a tort within that state; however, the jurisdiction so imposed can extend no further than the statutory base provided for by the forum state. See, e. g., Eyerly Aircraft Co. v. Killian, 414 F.2d 591 (5 Cir. 1969).

■■ The primary thrust of appellant's argument is that although the two statutes in question seem to require some rational nexus between the cause of action and the business done or the work or service performed by the foreign corporation, the use of the word "acts" in § 193 and § 199(1) encompasses the doing of a single act resulting in an injury in the state of Alabama. Such contention, as evidenced by the statutes in question and the court decisions interpreting them, is not well taken.

In the cases relied upon by the appellant, there was either (1) a specific statutory provision for the imposition of jurisdiction on the basis of a single act resulting in injury unrelated to any other activity within the forum state; Eyerly, *supra*; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill. 2d 432, 176 N.E.2d 761 (1961); or (2) a relationship or connection between the activity of the foreign corporation within the forum state and the injury complained of; Elkhart Engineering Corp. v. Dornier Werke, 343 F.2d 861 (5 Cir.

1965); Boyd v. Warren Paint and Color Co., 254 Ala. 687, 49 So.2d 559 (1950).

Browning, of course, contends that under both § 193 and § 199(1), the cause of action must accrue, result from or arise out of the Company's doing business or performing work or services in the state of Alabama. It seems clear that in 1957 when the polychoke was installed in St. Louis, Browning was not "doing business" or "performing work or services" in the state of Alabama so as to make it amenable to service of process in that forum. Tetco Metal Products, *supra*; Davis v. Casco Products Corporation, 381 F.2d 470 (5 Cir. 1967); Dooly v. Payne, 326 F.2d 941 (5 Cir. 1964); Ex parte Emerson, 270 Ala. 697, 121 So.2d 914 (1960). Likewise, when Browning did have an agent in Alabama upon whom service of process could be obtained, the activity of the agent and Browning bore no relationship to the cause of action asserted by the plaintiff.

This court had occasion to construe § 199(1) in *Elkhart, supra*, and concluded that "[S]ervice of process may be perfected on a non-resident corporation in a suit claiming damages on account of *a tort which arose out of a single business transaction in Alabama*." 343 F.2d at 865. (Emphasis supplied). Appellant places great reliance on this court's language in the same opinion when in comparing § 199(1) and § 193 it was said "[S]ervice under §§ 192 and 193 is not limited to actions accrued or resulting from the particular business or work done in the state." *supra*, at 864.

The apparent distinction between § 193 and § 199(1) is that in the former, the cause of action must arise out of those activities which constitute the "doing of business" within the state while in the latter, the cause of action need not rest on activities within the state rising to the dignity of "doing business" but rather can be predicated upon the performance of any work or service in the state. The language in *Elkhart* referred to above merely recognizes this distinction and cannot be con-

strued as holding that there is no necessity to show a relationship between the activities of the foreign corporation within the state and the injury complained of.

In addition to §§ 193 and 199(1) which were relied upon in the court below, appellant now seeks, for the first time, to invoke § 188, Title 7, Alabama Code,[1] in support of service of process on Browning.

The applicability of § 188 as a jurisdictional basis for service of process upon Browning was not presented to nor considered by the district court. Moreover, the district court's order certifying this interlocutory appeal as involving a controlling question of law pursuant to 28 U.S.C. § 1292(b), contained no reference to § 188. As such, we decline the appellant's invitation to review an issue not relied upon in the court below nor presented to that court for consideration. Desert Palace, Inc. v. Salisbury, 401 F.2d 320 (7th Cir. 1968); cf. Pardo v. Wilson Line of Washington, Inc., 134 U.S.App.D.C. 249, 414 F.2d 1145 (1969).

We conclude that the district court's determination that Browning Arms Company was not amenable to service of process under Alabama's Long-Arm-Statute was correct and its judgment quashing service of process is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1. "§ 188 HOW CORPORATIONS SERVED.
   When an action at law is against a corporation the summons may be executed by the delivery of a copy of the sum-

mons and complaint to the president, or other head thereof, secretary, cashier, station agent or any other agent thereof. * * *"