Roy Jackson KELLEY and Lena Mae
Kelley, Plaintiffs-Appellees,

v.

SUN–GLO PACKERS, INC., and P. G.
Murphy, individually, jointly and severally, Defendants-Appellants.

No. 72–1917.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1973.

Irvin J. Langford, Thomas A. Johnston, III, Mobile, Ala., for defendants-appellants.

Douglas Inge Johnstone, Robert E. Gibney, Mobile, Ala., for plaintiffs-appellees.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant Sun-Glo Packers, Inc. (Sun-Glo), a Mississippi corporation, engaged primarily in the business of selling soft drink concentrates, executed a contract with Roy and Lena Mae Kelley, citizens and residents of Alabama. Co-appellant P. G. Murphy, a citizen of Mississippi, owned 97% of Sun-Glo's stock and served as its president. He personally guaranteed Sun-Glo's contractual obligations.

By the terms of the contract the Kelleys were to construct a drive-in food facility on their property located in Mobile, Alabama. This facility would be leased to Sun-Glo for a period of ten years, which in turn would sublease the premises to a tenant who desired to operate a food franchise thereon.

Sun-Glo took possession of the premises on September 1, 1959 and subsequently acquired a tenant, a Mr. Pierce, who ran the establishment for a period of three months. Competition from nationally advertised food chains which opened franchises in the immediate area had such a detrimental effect upon

Pierce's business that he was forced to close.

Sun-Glo began an advertising campaign in Alabama in search of a prospective tenant. While carrying out this pursuit, Sun-Glo, itself, operated the business. Finally, Harold W. Fausak expressed an interest in leasing the premises for a tire business. Sun-Glo sublet the facility to Fausak, who then performed major alterations, knocking out windows and removing other equipment in order to make it more suitable for the purposes of his trade.

At the expiration of the ten year primary term Sun-Glo made no effort to renew the lease. The record adequately supports a finding that the leased premises were left in shambles.

Both the lease entered into between Sun-Glo and the Kelleys and the sublease between Sun-Glo and Fausak contained a covenant that the respective lessees would return the premises in like good order as they received them, ordinary wear and tear excepted. The Kelley-Sun-Glo lease permitted Sun-Glo to sublease so long as Sun-Glo remained responsible for the proper execution of covenants contained therein.

The Kelleys instituted an action against Sun-Glo and its guarantor, P. G. Murphy, seeking damages for breach of the aforementioned covenant. Sun-Glo brought a third party action against its sublessee Fausak. The third party action was dismissed pursuant to Fausak's motion, since such action was barred by § 21 of Title 10 of the Code of Alabama. Section 21 bars a foreign corporation from suing on a contract made in Alabama where the foreign corporation has been doing business in Alabama without first seeking qualification.

The jury returned a verdict in favor of the Kelleys and assessed their damages at $14,500. Sun-Glo and P. G. Murphy timely perfected their appeals.

Appellants assert numerous allegations of error; however, we find only one contention worthy of discussion. Appellants urge that the trial court erred in denying their motions to quash service of process.

Appellees utilized the substituted service of process as provided by § 199(1) of Title 7 of the Code of Alabama, as recompiled 1958, which reads in pertinent part as follows:

"§ 199(1). Service on non-resident doing business or performing work or service in state.—Any non-resident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state, or his successor or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued, accruing, or resulting from the doing of such business, or the performing of such work or service, or relating to or as an incident thereof, by any such non-resident, or his, its or their agent, servant or employee. And such service shall be valid whether or not the acts done in Alabama shall of and within themselves constitute a complete cause of action."

It is undisputed that appellants are both non-residents and not qualified to do business in Alabama. We need to determine whether there is a sufficient relationship between the activities of the foreign corporation and its guarantor within the state and the injury complained of. Barrett v. Browning Arms Co., 433 F.2d 141 (5th Cir. 1970).

In the case at bar appellants negotiated and delivered the contract in Mobile, Alabama. Sun-Glo delivered its concentrate to the franchise in Mobile, engaged its own employee to operate the food franchise after its first sublessee failed in business, and sublet the premises to Harold W. Fausak. P. G. Murphy guaranteed all of Sun-Glo's obligations, main-

tained bank accounts in Alabama and travelled within the state promoting sales of Sun-Glo's products, as well as seeking establishment of other franchises.

The record of the testimony amply supports the doing of business and the performing of work or services within the State of Alabama to authorize substituted service of process provided by § 199(1) above quoted.

Appellants' remaining contentions are without merit.

The judgment of the district court is in all respects affirmed.