**Phyllis LINDSEY, Plaintiff,**

v.

**CHAMPION HOME BUILDERS COMPANY, INC., a corporation, Defendant and Third-Party Plaintiff,**

v.

**MAYNELL DIVISION/TECHNO CORPORATION, a corporation, Third-Party Defendant.**

Civ. A. No. 74–3–N.

United States District Court,
M. D. Alabama, N. D.

May 1, 1974.

Howard A. Mandell, Montgomery, Ala., for plaintiff.

M. R. Nachman, Jr. and K. Palmer Smith, Steiner, Crum & Baker, Montgomery, Ala., for defendant.

Philip S. Gidiere, Jr., Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for third-party defendant.

## ORDER

VARNER, District Judge.

There is now submitted to the Court on brief and oral argument the Third-Party Defendant's motion to dismiss or, in the alternative, to quash service filed herein March 22, 1974.

Third-Party Plaintiff is being sued by Phyllis Lindsey in the instant case for negligence arising out of an explosion of a stove installed in a mobile home which was manufactured by Champion. The stove which allegedly caused the injury was manufactured by Techno Corporation. Champion filed a third-party complaint against Techno, and because Techno, a foreign corporation, had not qualified to do business in Alabama, Champion filed an affidavit purportedly showing that it was, nevertheless, amenable to service. Subsequently, Techno filed a motion to quash service along with an affidavit of its president, Robert T. Mosher, wherein he stated, among other things, that: (1) The stove referred to in the Plaintiff's complaint was sold by Techno to Champion; said sale did not occur in the State of Alabama and said stove was not shipped into the State of Alabama; Champion installed said stove in one of its motor home units and sold said unit to Alvin Stephenson, d/b/a Stephenson Auto Sales, Bowling Green, Kentucky, who in turn sold said unit containing said stove to the Plaintiff or her husband on or about September 8, 1972; (2) Techno has never sent any agent, servant, employee, repairman, service representative, or other manufacturer's representative into the State of Alabama to perform work in connection with the mobile home unit or stove unit made the basis of this suit; (3) Techno has not sold its products directly to customers in Alabama, and there has never been a continuous flow of the products of Techno into the State of Alabama; (4) Techno has done no business or performed any work or service in the State of Alabama out of which the Plaintiff's cause of action arose; (5) Techno has no telephone listing and no bank accounts in the State of Alabama; (6) Techno has never qualified to do business in the State of Alabama and has never designated an agent in Alabama to receive service of process; and (7) Techno has never owned or operated a warehouse, office or other place of business in Alabama.

Champion filed a counter affidavit of Monty Benjamin, Legal Affairs Coordinator of Champion, in which he stated: (1) That Champion for many years, until the year 1973, purchased exclusively from Techno all of the bottled gas stoves which Champion installed in the motor homes which it manufactured and sold; (2) that the stove in question was purchased at a time when Champion was purchasing exclusively from Techno all of the stoves installed in all of the motor homes which it was manufacturing; (3) that Champion, at all times relevant to this lawsuit and currently, did business in all of the United States with the possible exception of Alaska and Hawaii; (4) that Techno, through its representative, had knowledge of the nature and extent of Champion's business operations and knew, as exclusive supplier of stoves for use in Champion motor homes, that Techno's stoves inside Champion's motor homes would be expected to go into all of the states in the country, including the State of Alabama; (5) that Techno, through its representatives, also knew that Champion motor homes traveled widely throughout the United States in the hands of their ultimate consumers; (6) and that Techno manufactures a patented check valve which it sells in the State of Alabama and in virtually every state in the country.

Champion contends that, based upon the facts set forth in the various affidavits and upon case law, Techno is subject to the jurisdiction of Alabama and subject to service under Title 7, § 199(1), Code of Alabama.[1]

## PROPOSITIONS OF LAW

Both parties have cited to the Court numerous Fifth Circuit cases apparently substantiating their positions. This Court is of the opinion that the cases cited by the Third-Party Plaintiff are distinguishable from those cited by the Third-Party Defendant and from the case at hand. Judge Gewin in the case of Coulter v. Sears, Roebuck & Co., 426 F.2d 1315, stated that cases of this type always present two questions: First, whether the state long-arm statute authorizes the exercise of jurisdiction over the defendant, and, second, whether the exercise of jurisdiction, if authorized, would violate the due process clause of the Fourteenth Amendment. The Court made it clear that the first question must be answered before the second may even be considered.

Section 199(1) prescribes in personam jurisdiction only when the "action accrued * * * or result[ed] from the doing of * * * business, or * * * performing of * * * work or service [in this state]." This Court, therefore, need not reach the second question propounded by Judge Gewin.

■ The Alabama long-arm statute involved in this case, Code of Alabama, Title 7, § 199(1), is not a "single act" or "single tort" statute. The "stream of commerce" theory of doing business, relied upon by the Third-Party Plaintiff, was rejected by the Court of Appeals for the Fifth Circuit in the case of Barrett v. Browning Arms Co., 433 F.2d 141 (5th Cir. 1970). In *Barrett*, the plaintiff had shipped his shotgun to Browning's factory in Missouri to have a polychoke installed, and Browning had installed the polychoke and returned it to the plaintiff at Selma, Alabama. A short time later, while the plaintiff was hunting in Alabama, the gun exploded, injuring plaintiff. The *Barrett* court

---

1. "Any nonresident person, firm, partnership, general or limited, or any corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such nonresident, or his, its or their agent, servant or employee. * * *"

then distinguished the leading case on the stream of commerce theory, Gray v. American Radiator and Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961), as follows:

"In the cases relied upon by the appellant, there was either (1) a specific statutory provision for the imposition of jurisdiction on the basis of a single act resulting in injury unrelated to any other activity within the forum state: *Eyerly* [Eyerly Aircraft Co. v. Killian, 5 Cir., 414 F.2d 591], supra; Gray v. American Radiator & Standard Sanitary Corp. [22 Ill.2d 432], 176 N.E.2d 761 (1961); \* \* \*"

It seems clear that the *Barrett* court held that Section 199(1) is not a single tort statute.

Judge Johnson recently held in First National Life Ins. Co. v. Fidelity and Deposit, CA No. 4032–N, MD Ala., Dec. 19, 1973, that:

"Alabama, however, has not enacted a 'single tort' statute but, instead, has a statute which provides the one who does any business or performs any character of work or service in this state shall be liable to the jurisdiction of Alabama courts in any action accrued, accruing, or resulting from the doing of such business. \* \* \* Ala.Code, Title 7, § 199(1), (Supp. 1971). Under the decisions construing this statute, there must have occurred in this state some transaction of business in addition to the commission of a tort."

█ It is also important to note that Section 199(1) is inapplicable unless the claim asserted arises from business done in the State of Alabama. In Barfield v Poccar, Inc., et al., CA 4282 N, MD Ala., 1974, the Court held:

"Under the relevant Alabama long-arm statutes the claim must arise *from the business done in Alabama.* Under the general doing business statute, jurisdiction may be exercised in cases concerning causes of action arising out of or as consequence of acts or business *done in this state.*" (emphasis added)

█ This Court is of the opinion that the Techno Corporation has done no business in Alabama out of which the Third-Party Plaintiff's alleged cause of action could arise. Even if Techno has sold valves in Alabama, as alleged, the claim in this case did not arise from said alleged sale. Rather, the doing business this Court is concerned with is the sale of a gas stove. The third-party complaint is based on breach of warranty arising out of the sale of a gas stove and that sale took place in Pennsylvania or Kentucky. The stove was then installed in a motor home by Champion, purchased by the Plaintiff and brought into the State of Alabama. Consequently, the claim asserted under the third-party complaint does not arise from any business done in the State of Alabama.

Moreover, it is clear from the affidavit of Mr. Robert T. Mosher that Techno is not "doing business" in the State of Alabama. The requirements of "doing business" in a products liability case are set out in Tetco Metal Products, Inc. v. Langham, 387 F.2d 721 (5th Cir. 1968), as follows:

"In determining whether there is jurisdiction under the Alabama long-arm statute, the courts have emphasized several factors as being indicative of doing business in the state: 1) [the] presence of authorized agents in the state; 2) regular and systematic solicitation of orders by these salesmen; 3) continuous flow of its products into the state."

This Court finds as a matter of fact that none of these factors are present in the instant case. Accordingly, it is the

Order, judgment and decree of this Court that the motion to quash service on the Third-Party Defendant be, and the same is hereby, granted, and the Third-Party Defendant is hereby dismissed without prejudice from this proceeding.