William S. POSTON, Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD., and Crown Pacific Ltd., Defendants.

No. 77–5033–CIV–JLK.

United States District Court,
S. D. Florida.

June 28, 1978.

Myra F. Bennett, Miami, Fla., for plaintiff.

C. Douglas Skinner, Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, Fla., for defendants.

### ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

JAMES LAWRENCE KING, District Judge.

American President Lines, Ltd. (APL) one of the defendants herein, has moved for the entry of an order dismissing the instant cause of action against it on the grounds of lack of jurisdiction over the person; insufficiency of service of process; improper venue *, and forum non-conveniens *. In addition APL has moved to strike an affidavit presented by the plaintiff, Poston, on the grounds that it is insufficient, immaterial, irrelevant and redundant. APL's motion to dismiss and to strike are hereby denied. They will be discussed in the reverse order, as the motion to strike the affidavit is preliminary to the motion to dismiss.

### I. FACTS

Poston has his principal place of business in Florida. While in Singapore, Poston contracted with APL to have cargo shipped to the United States. The ports of discharge were Los Angeles, California and Savannah, Georgia. Poston was the shipper and consignee for both cargo shipments and the bill of lading for the cargo discharged in Los Angeles lists Miami as its point of destination. At the ports of discharge APL delivered cargo which was allegedly damaged and diminished in value.

Poston filed suit to recover money damages resulting from APL's alleged breach of contract of carriage of cargo and for the alleged violation by APL of its duties to transport cargo. Poston claimed $5,005. in damages and seeks relief within the admiralty and maritime jurisdiction of this Court within Fed.R.Civ.P. 9(h).

### II. MOTION TO STRIKE

In addressing APL's motion to strike the affidavit presented by Poston, certain propositions must be noted. Motions to strike on the grounds of insufficiency, immateriality, irrelevancy and redundancy are not favored, often being considered "time wasters", *Pessin v. Keeneland Assoc.,* 45 F.R.D. 10, 13 (E.D.Ky. 1968), and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Augustus v. Board of Public Instruction,* 306 F.2d 862 (5th Cir. 1962). The affidavit presented by Poston sought to

* These were not the grounds discussed by defendant in the accompanying memorandum of law to support his motion to dismiss and are therefore not discussed in this order.

substantiate APL's relation to Florida and hence this Court's in personam jurisdiction over the defendant. It has been stated that, "Competent proof presented by a plaintiff may be evidenced by sworn affidavit . . . " and that "the evidence offered either by plaintiff or defendant must reflect *material* facts or facts legally pertinent to the determination of the issue of doing business." *Elmex Corp. v. Atlantic Federal Saving & Loan Ass'n.*, 325 So.2d 58, 62 (Fla. 4th Dist.1976). Therefore, as the affidavit included facts pertinent to the issue at hand, the motion to strike is hereby denied.

### III. *MOTION TO DISMISS*

#### A. Jurisdiction over the person

██ The plaintiff has the burden of sustaining an assertion of in personam jurisdiction against a challenge. However, in deciding the motion, the Court must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191 (E.D.Pa.1974). In carrying the burden the plaintiff is not required to prove his case by a preponderance of the evidence in order to show that the forum's jurisdictional statute is satisfied. "Rather, plaintiff meets his burden by establishing merely a *prima facie* cause of action." *Jetco Electronic Industries, Ins. v. Gardiner*, 473 F.2d 1228 (5th Cir. 1973).

██ The only basis for personal jurisdiction in this suit is the Florida Long-Arm Statute, Fla.Stat. § 48–193. Thus, this court must first determine under state law whether the defendant is amenable to service. *Barrett v. Browning Arms Co.*, 433 F.2d 141 (5th Cir. 1970). If the state statute has been complied with, then federal law must be applied to determine whether the assertion of jurisdiction over the defendant comports with due process. *Barrett, supra.*

██ The Florida long arm statute provides, *inter alia*, that any person who operates, conducts, engages in, or carries on a business or business venture or has an office or agency in Florida is subject to the jurisdiction of the courts of this state.

This provision provides a basis for this Court's belief that plaintiff has met his burden with regard to personal jurisdiction at this stage of the case. Here, the plaintiff states that the defendant engages in a general course of business activity within Florida for pecuniary benefit. APL has solicited business in Florida and has an agent in Florida to arrange for cargo transportation. Defendant's agency in Florida satisfies the requirements of the Florida long arm statute. Therefore the defendant operates, conducts, engages in and carries on a business venture subjecting it to the jurisdiction of the court.

The Florida long arm statute also provides that one who breaches a contract in Florida by failing to perform acts required by the contract to be performed in this state is subject to the Court's jurisdiction. Herein, bill of lading No. 1906 with port of discharge listed as Los Angeles lists Miami as the point of destination. Plaintiff contends that facially this appears to be a through bill of lading and the failure of APL to transport cargo to its Miami destination in the same condition in which it was received represents a failure to perform an act as required by the contract.

██ A through bill of lading is simply a contract, issued by the initial carrier, which controls the manner of shipment to destination. *U. S. v. Central of Georgia Ry. Co.*, 411 F.Supp. 1023 (E.D.Tenn.1976). It has been held that regardless of the routing, a through bill of lading is one with the final delivery destination of the goods noted thereon, though the goods may travel over the lines of connecting carriers. *Phoenix Insurance Co. v. Monon Railroad*, 438 F.2d 1403 (8th Cir. 1971). For the purposes of this motion, the Court assumes this to be a through bill of lading. Therefore, under the allegations of the complaint, the defendant failed to perform an act required to be performed in Florida under the contract. Thus, the defendant is subject to the jurisdiction of this Court under the long arm statute.

■ Federal due process nevertheless imposes some restraints on state long arm statutes. The governing principle is the fairness of subjecting a nonresident defendant to suit. The defendant must have such "minimum contacts" with the state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In *American Baseball Cap, Inc. v. Duzinski,* 308 So.2d 639 (Fla. 1st Dist.1975) the court stated that Florida's long arm statute requires more activities or contacts than are currently required by the U.S. Supreme Court.

■ Herein, the defendant solicited business in Florida, has an agent in Florida to arrange for cargo transportation to and from the Orient from Miami, Florida and advertises in a local Miami trade publication. Therefore due process will not be offended by the Court's exercise of jurisdiction over APL.

B. Insufficiency of Service of Process

■ In *Donnelly v. Kellogg Co.,* 293 F.Supp. 53 (S.D.Fla.1968), Judge Fulton said that under § 48.181 of the Florida Statutes one may serve the Secretary of State of Florida as the agent of a foreign corporation when the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida. The plaintiff has the burden of showing that process has been served on a person qualified to accept such process. Thus, Poston must show that the damaged cargo, which gave rise to the cause of action, either arose out of or was incidental to APL's activities in Florida.

■ Here APL solicits business in Florida and maintains an agent in Florida to arrange for cargo transportation to and from the Orient from Miami. Therefore, though the injury to the cargo did not occur in Florida the injury was incidental to the defendant's activities in Florida.

■ This Court has previously stated in *International Graphics, Inc. v. MTA–Travel Ways, Inc.,* 71 F.R.D. 598 (S.D.Fla.1976) that a nonresident defendant corporation engaged in a general course of business in Florida for pecuniary benefit and which listed a Miami address for one of its offices was subject to Florida's substituted service of process. Here, APL's advertisement in a local Miami trade publication, listing a cargo delivery center with a Miami address and a South Florida telephone number to further its general course of business in shipping justifies the use of Florida's substituted service of process upon the secretary of state. As recited in *International Graphics* " . . . the intent of the Legislature in enacting Florida Statute § 48.-181, F.S.A., (was) that any individual or corporation who has exercised the privilege of practicing a profession or otherwise dealing in goods, services or property, whether in a professional or nonprofessional capacity, within the State in anticipation of economic gain, be regarded as operating a business or business venture for the purpose of service of process under Florida Statute § 48.181, F.S.A., in suits resulting from their activity within the State."

This legislative intent, as well as defendant's activities within Florida for pecuniary benefit, permit the use of substituted service of process.

IV. *CONCLUSION*

In summary, the plaintiff, at this stage of the proceedings, has met the burden of presenting facts sufficient to justify the application of the Florida long arm statute and service of process on the secretary of state. In addition, the affidavit presented by the plaintiff is material and not irrelevant or redundant. Accordingly, this Court

ORDERS and ADJUDGES that the motion to dismiss and the motion to strike be denied. Defendant has 20 days to answer plaintiff's complaint.

DONE and ORDERED in chambers at the United States District Courthouse, Miami, Florida this 28 day of June, 1978.