[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11495
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-24302-CMA


SHEVEN J. MARSHALL,
ZULEKA BREMER,

                                        Plaintiffs - Appellees,

versus

JAMES WASHINGTON,
personally, et al.,

                                        Defendants,

REGIONS BANK,
an Alabama corporation,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2012)

Before CARNES, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

This case was originally filed in Florida state court and the defendant, Regions Bank, removed it to federal district court. The district court remanded the case back to state court. Regions Bank appeals, contending that the district court erred in declining to dismiss two "fraudulently joined" non-diverse defendants and in refusing to exercise supplemental jurisdiction over the plaintiffs' state law claims after the court had dismissed all their federal claims.

## I.

Sheven Marshall and Zuleyka Bremer filed a complaint in Florida state court making various state tort claims against Regions Bank and making 42 U.S.C. § 1983 claims against two police officers. The complaint sought "damages which exceed $15,000" and alleged that Marshall and Bremer are "resident[s]" of Florida, that Regions Bank "is organized as a corporation under Alabama law," and that the police officers are "resident[s]" of Florida.

Relying on the § 1983 claims against the police officers, Regions Bank and the officers properly removed the case to federal district court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441. The state tort claims against the bank were also removed based on supplemental jurisdiction. See id. § 1367(a).

2

The district court later dismissed the § 1983 claims, which left only the state law claims against Regions Bank.  Marshall and Bremer then filed an amended complaint, adding new negligence claims against two bank employees who, like Marshall and Bremer, are "resident[s]" of Florida.  The amended complaint also seeks "damages which exceed $15,000."

Marshall and Bremer moved to remand the case back to state court, arguing that the district court should decline to exercise supplemental jurisdiction over the state law claims because all of the federal claims had been dismissed.  See 28 U.S.C. § 1367(c).  Regions Bank countered that the numerical predominance of state law claims is not relevant to the § 1367(c) analysis, and it urged the court to exercise supplemental jurisdiction over them.  The bank also argued that Marshall and Bremer (Florida citizens) had fraudulently joined the two bank employees (Florida citizens) in order to defeat diversity jurisdiction.  It asked the court to dismiss those employees from the case, find that complete diversity exists, and exercise jurisdiction over the state law claims.

The district court concluded that the non-diverse bank employees were not fraudulently joined, declined to exercise supplemental jurisdiction over the state law claims, and remanded the case back to the state court.  This is Regions Bank's appeal.

3

II.

Regions Bank contends that the district court erred in remanding this case to state court because there is diversity jurisdiction.  It argues that the district court should have dismissed the bank employees from the case because they were fraudulently added as defendants.  We do not have to decide this issue because diversity jurisdiction would not exist even if the employees are dismissed from the case.

It is a "long-established rule that a removing defendant bears the burden of proving federal jurisdiction."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007); see also Tetco Metal Prods., Inc. v. Langham, 387 F.2d 721, 723 (5th Cir. 1968) ("The party seeking to invoke the jurisdiction of a court has the burden of establishing that jurisdiction exists . . . .").[1]  Regions Bank thus bears the burden of showing that diversity jurisdiction exists.  To make that showing, it must establish that the amount in controversy exceeds $75,000 and that it is a citizen of a different state than Marshall and Bremer.  28 U.S.C. § 1332(a); see Lowery, 483 F.3d at 1209 ("[T]he removing defendant must establish the amount in controversy . . . ."); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Cir. 1990) (explaining that a removing defendant has "the burden of proving th[e] jurisdictional threshold" of § 1332's amount in controversy requirement).

Regions Bank cannot make either showing.  The only statements in the record relating to the amount in controversy are in Marshall and Bremer's two complaints, which simply state that the damages "exceed $15,000."  The allegation that damages "exceed" $15,000 does not establish that the damages exceed $75,000.  As our predecessor court explained in a similar situation:  "We cannot construe the complaint's words 'in excess of [$15,000]' as exceeding the sum or value of [$75,000] in the words of 28 U.S.C. 1332, which proscription [sic] is mandatory as a limitation on federal jurisdiction in diversity cases."  Gaitor v. Peninsular & Occidental S. S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (alterations omitted).  Regions Bank has not pointed to anything in the record establishing that the value of Marshall and Bremer's claims exceed $75,000, so we cannot conclude that the § 1332 amount in controversy requirement is met.  See id. at 254–55 ("Thus, even though the complaint here might show requisite diversity of citizenship authorizing removal . . . , the amount in controversy being open was ground for remand."); cf. Lowrey, 483 F.3d at 1217 ("Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show . . . that federal

jurisdiction exists.").

Nor does the record establish that the parties would be diverse if the two bank employees are dismissed from the case. Diversity jurisdiction requires a showing that the controversy is between "citizens of different States." 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Id. § 1332(c)(1) (emphasis added). Here again, the only statements in the record relating to the parties' citizenship are in the two complaints. Those complaints allege that the bank is "organized as a corporation under Alabama law," but they do not allege where the bank has its principal place of business. Without knowing that, we cannot know the bank's citizenship for diversity purposes and we cannot know whether complete diversity exists. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

### III.

Regions Bank also contends that, even if diversity jurisdiction does not exist, the district court erred in declining to exercise supplemental jurisdiction over the state law claims. We review for only an abuse of discretion a district

6

court's refusal to exercise supplemental jurisdiction.  Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1211 (11th Cir. 2010).

After the district court in this case dismissed the § 1983 claims against the police officers, only state law claims remained.  A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and "[w]e have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial," Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).  Nothing in the record suggests that the district court abused its discretion in declining to exercise supplemental jurisdiction over the state law claims.

The district court's order remanding this case back to the Florida state court is **AFFIRMED.**