**William L. BLOOM, Plaintiff,**

v.

**A. H. POND CO., INC., etc., et al., Defendants.**

**No. 79–3985–Civ–JWK.**

United States District Court, S. D. Florida.

July 27, 1981.

§ 621 et seq., and the Florida Human Rights Act of 1977, Fla.Stat.Ann. § 23.161 et seq.,[1] alleging discrimination against him on the basis of his age. Plaintiff brought suit against his former employer, the A. H. Pond Co. (the corporate defendant), and three officers of that corporation, Roland B. Pond, Richard P. Davis and Albert W. Doolittle (the individual defendants), for terminating his employment as an outside salesman of diamond rings with the defendant corporation. Plaintiff contends that the sole reason for his termination from employment was his age, which was 61 at the time of his discharge. All of the defendants are citizens and residents of New York state, and the corporate defendant has its principal place of business in Syracuse, New York. Plaintiff is a resident and citizen of the state of Florida.

The defendants have moved to dismiss the Complaint and quash service of process upon them on the grounds of lack of jurisdiction over their persons and insufficiency of service of process. For the reasons that are fully elucidated in this opinion, the Court concludes that it has jurisdiction over the corporate defendant where adequate service was obtained in compliance with the applicable law, but that the Court has no jurisdiction over the persons of the individual defendants.

### A

This action was originally brought in the state court and properly removed to this Court pursuant to 28 U.S.C. § 1441(a) since it was an action in which this Court had original jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship). Plaintiff has correctly predicated service of process over the defendants upon the applicable provisions of Florida law. Fed.R.Civ.P. 4(d)(7), 4(e).

■ Defendants have objected to subjecting them to the jurisdiction of this Court since they contend that plaintiff has failed to establish that they were doing business in Florida or that this cause of

Mallory R. Horne, Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for plaintiff.

Hugo L. Black, Kelly, Black, Black, Wright, & Earle, P.A., Miami, Fla., for defendants.

### MEMORANDUM ORDER ON JURISDICTION

KEHOE, District Judge.

Plaintiff, William L. Bloom, filed this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A.

---

1. The Complaint refers to the Florida Human Rights Act of 1977 as Fla.Stat. § 13.201 et seq. Subsequently however, the act was recodified under § 23.161 to § 23.167 in Fla.Stat. (1979).

action arose out of any of their activities in this state. While plaintiff's choice of forum in which to litigate should be given serious consideration, constitutional and statutory requirements must first be met before a nonresident defendant may be obliged to defend in a remote forum. A plaintiff has never been given an unfettered right to litigate in the forum of his choice where that action would adversely compel a nonresident defendant with little or no contact with the forum state to defend himself at a serious disadvantage. The law imposes several safeguards to protect the nonresident under these circumstances.

## B

Personal jurisdiction in a federal diversity action is governed by the state law standard of the state in which the federal court sits.[2] *Gordon v. John Deere Company*, 466 F.2d 1200 (5th Cir. 1972); *Woodham v. Northwestern Steel and Wire Company*, 390 F.2d 27 (5th Cir. 1968); *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966); *Stanga v. McCormack Shipping Corporation*, 268 F.2d 544 (5th Cir. 1959). While constitutional considerations govern the reach of a long-arm statute, a state is not obliged to extend its jurisdiction to the full extent permitted by the Constitution, if it chooses not to do so. *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Once a state has, however, provided for jurisdiction over nonresidents, the jurisdiction so imposed can extend no further than the statutory base provided for by the forum state. *Barrett v. Browning Arms Company*, 433 F.2d 141 (5th Cir. 1970). Thus, regardless of the constitutional parameters that may circumscribe a state's long-arm jurisdiction, a nonresident defendant may not be brought before a federal court in this

instance unless jurisdiction is properly authorized by an appropriate long-arm statute of this state.

The test to be applied is twofold; it involves both statutory and constitutional considerations. Its application has been described as follows:

In deciding whether a state jurisdictional statute confers jurisdiction over a nonresident defendant in a federal diversity suit, two avenues of inquiry must be followed. First, it must be determined that the defendant is in fact amenable to service under the state statute; state law of the forum controls this question. [citations omitted] If the state statute has been complied with, then federal law must be applied to determine whether [the] assertion of jurisdiction over the defendant comports with due process. [citations omitted]

*Jetco Electronics Industries v. Gardiner*, 473 F.2d 1228, 1232 (5th Cir. 1973). See generally 4 Wright & Miller, *Federal Practice and Procedure*: Civil § 1075 (1969); 2 *Moore's Federal Practice* ¶ 4.41–1 (2d ed. 1980).

### C

#### (1)

Plaintiff maintains that the defendants are amenable to service under the appropriate Florida statutes. The Court is referred initially to Section 607.041, Florida Statutes (1977), of the Florida General Corporation Act, captioned, "Service of process, notice or demand on a corporation," which provides in pertinent part:

Process against any corporation may be served in accordance with Chapter 48 and Chapter 49.

Turning to Chapter 48, plaintiff refers the Court to the appropriate long-arm statutes.

---

**2.** As noted above, ante, jurisdiction here is not predicated exclusively upon diversity of citizenship. Plaintiff's action arises primarily under a federal law forbidding age discrimination in employment, the ADEA. Plaintiff, however, seeks to serve the Defendants pursuant to Florida law, as permitted by the Federal Rules of Civil Procedure. "[S]ervice in the manner provided by state law may be made under Rule 4(e) even in cases exclusively within the federal question, rather than the diversity, jurisdiction of the federal courts." 4 Wright & Miller, Federal Practice and Procedure: Civil § 1075 at 313 (1969). See also *United States v. First National City Bank*, 379 U.S. 378, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965); *Black v. Acme Markets*, 564 F.2d 681 (5th Cir. 1977). Accordingly, the state law standard should also apply in a federal question case where service is sought pursuant to state law.

The first one, Section 48.181(1), Florida Statutes (1979) provides:

> The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, *arising out of any transaction or operation connected with or incidental to the business or business venture* may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations. (emphasis supplied)

In addition to Section 48.181, in 1973 the Florida legislature enacted a second long-arm statute, Section 48.193, which substantially duplicates the operative language of the older statute and provides in pertinent part:

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action *arising from the doing of the following*:
>
> (a) *Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state*; (emphasis supplied) [3]

\* \* \* \* \* \*

3. The entire statute is a generally successful effort to formulate a comprehensive plan by which non-residents can be subjected to jurisdiction by the Florida courts. In its entirety, § 48.193 subjects the nonresident to Florida jurisdiction arising out of seven separate kinds of contacts with this state:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

(b) Commits a tortious act within this state.

(c) Owns, uses, or possesses any real property within this state.

(d) Contract to insure any person, property, or risk located within this state at the time of contracting.

(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of the injury either:

1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in § 48.194. The service shall have the same effect as if it had been personally served within this state.

(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action

The Florida legislature also specifically set forth the method by which service of process is obtained pursuant to these statutes:

48.161 Method of substituted service on nonresidents

When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he prevails in the action. The public officer shall keep a record of all process served on him showing the day and hour of service.

\* \* \* \* \* \*

48.194 Personal service outside state

Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.

(2)

Unlike, for example, the Oklahoma long-arm statute challenged in *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980), or the Louisiana long-arm statute attacked in *Standard Fittings Co. v. Sapag*, 625 F.2d 630 (5th Cir. 1980), both of which have been interpreted as conferring jurisdiction on those states to the limits permitted by the United States Constitution, it has been held by state and federal courts that the current Florida long-arm statutes require more activities or contacts with Florida than are required by constitutional due process considerations. Compare *Youngblood v. Citrus Association of the New York Cotton Exchange*, 276 So.2d 505 (Fla. 4th DCA 1973), cert. denied, 285 So.2d 26 (Fla.1973) and *Bank of Wessington v. Winters Government Securities Corporation*, 361 So.2d 757 (Fla. 4th DCA 1978) (discussing § 48.181, Fla.Stat. only), with

in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.

(4) Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereinafter provided by law.

Although plaintiff exclusively relies upon that clause in the statute that predicates long arm jurisdiction upon the doing of business in this state, § 48.193(1)(a), there are other connections which will obviate the need to prove that a nonresident is conducting business in Florida. For example, a sufficient connection might be one in which the cause of action arises out of the commission of a tortious act within this state by the nonresident defendant § 48.193(1)(b), or when the nonresident breaches a contract in this state. § 48.193(1)(g). Plaintiffs in products liability actions typically utilize § 48.193(1)(f) to acquire jurisdiction over a nonresident manufacturer. It thus appears that § 48.193 was enacted to broaden jurisdiction to areas not previously covered by § 48.181.

*Joyce Brothers Storage & Van Company v. Piechalak*, 343 So.2d 97 (Fla. 3d DCA 1977) and *Dublin Company v. Peninsular Supply Company*, 309 So.2d 207 (Fla. 4th DCA 1975) (discussing § 48.193, Fla.Stat.). Accord, *Mallard v. Aluminum Co. of Canada*, 634 F.2d 236 (5th Cir. 1981); *Poston v. American President Lines*, 452 F.Supp. 568 (S.D.Fla.1978); *Escambia Treating Company v. Otto Candies, Inc.*, 405 F.Supp. 1235 (N.D.Fla.1975); *Donnelly v. Kellogg Company*, 293 F.Supp. 53 (S.D.Fla.1968).[4] Since the language of the newer long-arm statute (i. e. § 48.193) is not materially different from that contained in the older act (§ 48.181) with respect to jurisdiction based upon business contacts with the state, the restrictive Florida approach is equally applicable no matter which jurisdictional basis is invoked. *Escambia Treating Company v. Otto Candies, Inc.*, supra.

█ Furthermore, the long-arm statutes are to be strictly construed, see e. g. *Spencer Boat Company v. Liuternoza*, 498 F.2d 332 (5th Cir. 1974); *Esberger v. First Florida Business Consultants*, 338 So.2d 561 (Fla. 2d DCA 1976); *Lyster v. Round*, 276 So.2d 186 (Fla. 1st DCA 1973), and the person invoking jurisdiction under these statutes has the burden to plead sufficient material facts to establish a basis for the exercise of such jurisdiction. *Cosmopolitan Health Spa v. Health Industries*, 362 So.2d 367 (Fla. 4th DCA 1978). The procedure to be followed has been described by the Florida courts. First, the plaintiff must allege sufficient facts in his complaint to initially support long-arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. *Electro Engineering Products Company v. Lewis*, 352 So.2d 862 (Fla.1977); *Compania Anonima Simantob v. Bank of America*, 373 So.2d 68 (Fla. 3d DCA 1979).

█ Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida.[5] This has been described as the "connexity" requirement that must be met before jurisdiction over a nonresident can be sustained. It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged. This interpretation of the long-arm statutes is supported by both state and federal courts faced with the problem. See generally *Caribe & Panama Investments v. Christensen*, 375 So.2d 601 (Fla. 3d DCA 1979); *American Baseball Cap, Inc. v. Duzinski*, 359 So.2d 483 (Fla. 1st DCA 1978); *Youngblood v. Citrus Association of the New York Cotten Exchange*, supra. Accord; *Poston v. American President Lines*, supra; *Donnelly v. Kellogg Company*, supra.

### D

In light of these principles, the Court has carefully scrutinized all of the relevant allegations pertaining to long-arm jurisdiction contained in plaintiff's Complaint. The

---

4. Until recently there was some confusion as to whether the Fifth Circuit followed the more restrictive approach adopted by the Florida appellate courts or applied the standard that the long-arm statutes were applicable to the fullest extent permissible within constitutional limits. See *Bangor Punta Operations v. Universal Marine Co.*, 543 F.2d 1107 (5th Cir. 1976); *Rebozo v. Washington Post Co.*, 515 F.2d 1208 (5th Cir. 1975); Gonas, Florida's Long Arm Statutes: Federal Versus State Construction, 52 Fla. Bur.J. 292 (1978). When the Fifth Circuit issued *Mallard v. Aluminium Co. of Canada*, supra, it distinguished its prior opinions in *Bangor Punta*, supra and *Rebozo*, supra and expressly adopted the traditional Florida approach. *Mallard*, supra at 241 and n.3. This development has eliminated the necessity of choosing between a state or federal interpretation of the statutes. The result should now be the same under either construction.

5. This is so only when jurisdiction is obtained under § 48.181 or 48.193(1)(a). A different standard may apply where jurisdiction is invoked pursuant to another provision of § 48.193. See note 3, supra.

Court concludes that plaintiff has met the burden imposed upon him by the long-arm statutes. He has set forth sufficient factual allegations to establish the required nexus or connection between his termination from the corporate defendant's employment and certain business conducted by that defendant in Florida. The facts alleged in the instant Complaint, presumed true on a motion to dismiss for lack of jurisdiction, sufficiently allege the obligation of the defendant corporation to the plaintiff as imposed by the ADEA, and that such duty did arise out of and was directly connected with the activities of the defendant corporation within this state.

■ The Complaint sets forth the following allegations which allege both the transaction of business by the corporate defendant in this state and the connection between the corporate defendant's exercise of its privilege to transact business in Florida and plaintiff's discharge in violation of the ADEA:

* * * * * *

7. At all times material hereto, Plaintiff was employed by Defendant Corporation in the capacity as Territorial Manager and Salesman with principal office and place of business in Dade County, Florida. He was responsible for South and Central Florida, Puerto Rico, and the Virgin Islands. Said Plaintiff was and at all times material herein has been an employee within the meaning of Section 11(f) of the ADEA (29 USC Section 630(f)) and of the Florida Act.

8. Plaintiff has been thus employed in his aforesaid capacity for twenty-eight years, and during those years, Plaintiff consistently produced a substantial sales volume for defendant.

* * * * * *

14. On July 1, 1978, Defendant Corporation, at the instance of or with the acquiescence of the individual Defendants wilfully terminated Plaintiff from Plaintiff's employment because of his age, Plaintiff being sixty-one (61) years of age, thereby violating the provisions of Section 4(a)(1) of the ADEA (29 USC Section 623(9)(1) and of the Florida Act.

15. Defendant Corporation replaced Plaintiff with a young salesman who has not been able to produce the volume of sales that Plaintiff has successfully done for twenty-eight (28) years.

* * * * * *

The Complaint specifically and sufficiently alleges the duty owed by the corporate defendant to plaintiff under the ADEA, and that the discharge of plaintiff by the corporate defendant, allegedly in violation of the statutorily mandated directive, was incident to the defendant corporation's employment of plaintiff and arose out of the corporate defendant's exercise of its privilege of conducting activities within this state. Accordingly, the requisite "connexity" between the defendant's transaction of business through plaintiff as its sales person in Florida, and the injury caused to plaintiff by his employer's action, has been specifically asserted.

The defendants' principal reliance upon the cases of *Harlo Products Co. v. J. I. Case Co.*, 360 So.2d 1328 (Fla. 1st DCA 1978) and *Hyco Manufacturing Co. v. Rotex International Corporation*, 355 So.2d 471 (Fla. 3d DCA 1978) is misplaced. These cases do not mandate dismissal *sub judice.*

In *Harlo Products Co. v. J. I. Case Co.*, supra, the third party corporate defendant moved to dismiss the third party complaint filed therein on the ground that it failed to allege facts showing that this defendant was subject to the personal jurisdiction of a Florida court. Harlo filed an affidavit stating that it was not licensed to do business in Florida, that it did not engage in business in Florida, and that it maintained no offices, agents, employees, bank accounts, books, records, telephone listings or other business activities in this state. The District Court found that "the mere presence in Florida of Harlo's product is not a sufficient contact for the assertion of personal jurisdiction over it by a Florida Court." Id. at 1329. As a result, the appellate court reversed the denial of the motion to dismiss and held that the trial court did not have jurisdiction over the nonresident foreign corporation under the long-arm statutes.

Unlike the facts of the *Harlo* case, however, where Harlo's only contact with Florida was the presence of a part or component manufactured by Harlo and utilized in the injury producing forklift, the corporate defendant herein has actively engaged in business and transacted such business for pecuniary benefit within this state through its agents and employees maintained in this state. Furthermore, unlike the nonresident in *Harlo*, the nonresident corporation herein has clearly exercised its privilege of conducting business within Florida.[6]

In *Hyco Manufacturing Co. v. Rotex International Corp.*, supra, the plaintiffs brought an action for personal injuries incurred in Ecuador, South America against the Florida retailer and nonresident manufacturers. The appellate court found that the complaint did not allege sufficient facts to form a basis for jurisdiction over the nonresident defendants. Particularly, where the nonresident corporation came forward with an affidavit which asserted that the corporation did not have any business agents operating within the state of Florida, and that the only possible contact it had with this state involved the sale of one of its hoists to a Florida corporation which then shipped the hoist to Ecuador, the place where the accident occurred. The court held that this single transaction was not sufficient to subject the nonresident manufacturer to the jurisdiction of the state.[7]

The instant litigation, however, evolves from the existence of an employment relation maintained in Florida. The plaintiff was an agent in Florida for the defendant corporation and he transacted business herein his employer's behalf. The injury forming plaintiff's cause of action arose from or was incident to such employment relationship. The affidavits submitted by the defendants in support of their motions to dismiss do not controvert these important facts. Accordingly, the Court has jurisdiction over the person of the corporate defendant herein.

### E

The Court agrees with the individual defendants that the Complaint falls far short of alleging the requisite facts to bring these defendants within the jurisdiction of this Court. It appears that the affidavits submitted by the individual defendants are sufficient to show that long-arm jurisdiction is not applicable to them. Although plaintiff has shown to the Court's satisfaction that the corporate defendant does business in Florida, there has been no nexus established between the individual defendants and this state. Plaintiff seeks to invoke long-arm jurisdiction over these defendants simply by the fact that they are employed by a corporate defendant that is subject to jurisdiction for doing business in Florida. While the corporation itself may be properly amenable to service when it transacts business through agents operating in the forum state, unless the agents transact business on their own account and not on behalf of the corporation, the agents are not engaged in business so as to sustain an application of the long-arm statute to them as individuals. *Wilshire Oil Company v. Riffe*, 409 F.2d 1277, 1281 n. 8 (10th Cir. 1969); *Path Instruments International Corp. v. Asahi Optical Co.*, 312 F.Supp. 805 (S.D.N.Y.1970); *Schenin v. Micro Copper Corp.*, 272 F.Supp. 523 (S.D.N.Y.1967).[8] If

---

**6.** The *Harlo* action was brought under § 48.-193(1)(f)(2), the products liability section, and not § 48.193(1)(a), as is the case herein. The holding of the *Harlo* court was predicated upon the constitutionality vel non of the statute as applied to the facts before it. The "connexity" requirement was not an issue in the case. The court ruled that there were no allegations showing that the nonresident defendant purposely availed itself of the privilege of carrying on business activities in Florida nor that it had minimum contacts with Florida. Id. at 1330. Consequently, the statute was ruled unconstitutional as applied.

**7.** Although never specified by the plaintiff/appellant in his brief, jurisdiction in *Hyco* was also apparently predicated upon § 48.193(1)(f). Id. at 473. The Court referred to "the quality and nature of the activity involved" in making its determination that plaintiff failed to meet its burden of proof on the jurisdiction issue. Id. at 474.

**8.** The cases of *Dudley v. Smith*, 504 F.2d 979 (5th Cir. 1974) and *Costin v. Olin*, 449 F.2d 129 (5th Cir. 1971) are distinguishable and do not dictate a contrary result. In both of these cases the individual defendants were alter ego's

the law were otherwise, any corporate employee could be forced to defend a suit in the Florida courts, regardless of what the individual did with respect to his employer's business, so long as his employer engaged in business in this state. Nowhere does the plaintiff allege that the individual defendants were engaged in a business venture on their own behalf, as opposed to engaging in business on behalf of their corporate employer. Accordingly, the Court concludes that it has no jurisdiction over the individual defendants, Roland P. Pond, Richard B. Davis and Albert W. Doolittle, pursuant to the Florida long-arm statutes.

**F**

Since the Court has found that the corporate defendant is amenable to service under the long-arm statutes, the second avenue of inquiry must be pursued, that is, the Court must determine whether the assertion of jurisdiction over the corporate defendant comports with due process. The Court finds that due process is not offended by requiring the corporate defendant to submit to jurisdiction in this forum and hence, application of the long-arm statutes are not

of the corporate defendants, and the activities of the individual defendants were tantamount to the activities of the corporate defendants in the forum state. Since the corporate activities were held sufficient to invoke the forum's long-arm jurisdiction, the activities of the individual defendants were also sufficient for jurisdictional purposes. In the case at bar no such allegation has been made.

Furthermore, in *Odell v. Signer*, 169 So.2d 851 (Fla. 3d DCA 1965), the court held that under the "rather unique situation" presented, the acts of the corporation could be imputed to the employees of that corporation for jurisdictional purposes. The court observed:

[I]n this case, the acts of the corporation are chargeable to the individuals for purposes of determining the existence of jurisdiction. The reason being that the individual officers, as agents of the corporation would be personally liable to any third person they injured by virtue of their tortious activity even if such act were performed within the scope of their employment as corporate officers. On this basis, appellees could not escape liability because of their non-residence, when the corporation which they represent was doing business in the state. If the tortious corporate activity is attributable to them personally, then the acts of that corporation which

unconstitutional as applied to the facts of this case.

In the notable case of *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court proscribed the standards by which a state could assert personal jurisdiction over a non-resident defendant. Personal jurisdiction over such defendant could be obtained provided the defendant had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, supra, 326 U.S. at 317, 66 S.Ct. at 159, 90 L.Ed. at 102. Later, in *World Wide Volkswagen Corp. v. Woodson*, supra, the Court held that "the foreseeability that is critical to due process analysis is . . . that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. 100 S.Ct. at 567.[9]

constitute it as doing business in this state, are similarly attributable to the individuals for purposes of determining jurisdiction. (footnote omitted)

Id. at 853–854.

The significantly distinguishable feature of the case at bar is that the allegedly discriminatory act giving rise to this litigation could only have been done by the corporate defendant. The individual defendants could have acted only through their corporate positions in terminating plaintiff's employment in violation of the ADEA.

9. One commentator opines that *World-Wide Volkswagen Corp. v. Woodson*, supra, marks a new formulation of long-arm jurisdiction that has ended the post-*International Shoe* era. Kamp, Beyond Minimum Contacts: The Supreme Court's New Jurisdictional Theory, 15 Ga.L.Rev. 19 (1980). According to this analysis, the *Woodson* case, together with the other recent cases of *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), "mark the culmination of a slow evolution by the Court to develop a cohesive jurisdictional theory and "create[s] an entirely new scheme

Recent appellate decisions in this circuit offer guidance in determining the required level of contacts with the forum at which a nonresident can reasonably anticipate potential litigation in that state:

> [W]hile very little purposeful activity within a state is necessary to satisfy the minimum contacts requirement, we have, nevertheless, unequivocally required some activity by the defendant before permitting the exercise of in personam jurisdiction under a state "long-arm" statute, *the jurisdictional touchstone being the presence of sufficient in-state business activity to indicate a purposeful enjoyment of the benefits and protections of that state's law.* (Emphasis added)

*Standard Fittings Co. v. Sapag, S.A.,* 625 F.2d 630, 642 (5th Cir. 1980), quoting from *Benjamin v. Western Boat Building Corp.,* 472 F.2d 723, 726 (5th Cir. 1973). Accord, *Charia v. Cigarette Racing Team,* 583 F.2d 184 (5th Cir. 1978).

In *Standard Fittings Co. v. Sapag,* supra, the Fifth Circuit recently and thoroughly reviewed the due process requirements before a state can exercise personal jurisdiction over a nonresident and reaffirmed the test initially articulated by that court in *Product Promotions v. Cousteau,* 495 F.2d 483 (5th Cir. 1974): First, the trial court must find that the defendant has some minimum contact with the state which results from its own affirmative act. Second, the trial court must find that it is fair and reasonable to require the defendant to come into the state and defend the action. Id. at 494. In making these findings, the factors which the court should take into account include:

> [T]he quantity of contacts, the nature and quality of the contacts, the connection of the cause of action to the contacts, and the source and connection of the cause of action with those contacts—and two other factors—interest of the forum state in .

providing a forum for its residents, and convenience to the parties.

Id. at 494, n.17.

▮ In sum, the test is simply one of basic fairness to the nonresident defendant. Such a defendant should not have to defend itself in a forum where, upon consideration of all relevant factors, it would be unfair to compel that defendant's presence.

▮ Applying this standard to the facts *sub judice,* the Court concludes that there are ample contacts between the nonresident corporate defendant and this state, fully justifying subjecting the corporate defendant to the jurisdiction of the Courts of this state without offending traditional notions of fair play and substantial justice. Plaintiff is a long time resident of Florida and was employed by the defendant corporation as a salesman covering Florida, Puerto Rico and the Virgin Islands. Plaintiff operated out of Dade County, Florida, and maintained an office here from which he conducted business for his employer. There was a formal employer-employee relationship between the parties in which plaintiff was expected to sell his employer's products to customers located in Florida. The cause of action arose out of the defendants' termination of plaintiff's employment as salesman and territorial manager here in Florida. Considering the nature and character of defendant's business of producing and selling diamond rings to jewelry retailers located in various parts of the country, including Florida, it is not unreasonable that defendant could have anticipated defending itself in this forum as a result of its activities in this state.

After evaluating the nature and scope of the contacts required by Florida Statutes, §§ 48.181 and 48.193, the Court concludes that jurisdiction thereunder, when applied to these facts, does not offend federal notions of due process. This is particularly true since Florida has not elected to extend its long-arm jurisdiction to the outer limits of constitutional tolerance and to secure the extensive jurisdiction available to it under the federal constitution.[10]

---

of territorial jurisdiction" based upon "(1) state sovereignty, and (2) considerations of convenience and reasonableness." Id. at 19, 20. The author contends that the Court has placed too

high a premium on state sovereignty and that this emphasis stems from the Court's misperception of modern American society.

**10.** See discussion in part C, supra.

G

Based upon the principles articulated in this memorandum order, the Court determines that it has jurisdiction over the corporate defendant but not the individual defendants. Therefore, it is ORDERED AND ADJUDGED that the motion to dismiss or to quash is GRANTED in part and DENIED in part as follows: (a) as to the individual defendants, Roland P. Pond, Richard B. Davis and Albert W. Doolittle, the motion to dismiss is GRANTED and the Complaint is hereby DISMISSED without prejudice; and (b) as to the corporate defendant, A. H. Pond Co., Inc., the motion to dismiss for lack of jurisdiction is DENIED.