**Castro LIMARDO, Plaintiff,**

v.

**CORPORACION INTERCONTINENTAL, Defendant.**

**No. 83–2378–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Aug. 7, 1984.

---

Allene D. Nicholson, Miami, Fla., for plaintiff.

Carlos A. Romero, Coral Gables, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendant's Motion to Dismiss the Complaint. Having reviewed the record in this cause, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that said motion is GRANTED. The Complaint is dismissed for want of personal jurisdiction over the defendant.

This is a suit for damages for injuries suffered by the plaintiff when he slipped and fell through a sliding glass door while staying at the defendant's hotel. The plaintiff has alleged that the defendant was negligent in not cleaning up a puddle of water outside his room. The plaintiff is a resident of New York. The defendant hotel is located in the Dominican Republic. The only connection Florida has with this is that when the plaintiff made reservations to stay at the Hotel, his travel agent in New York called the Hotel's office in Miami to make the necessary arrangements.[1]

The defendant moved to dismiss the complaint claiming that there was no personal jurisdiction and improper service. (Service was made on an employee of the Miami office.)

A federal court in a diversity action such as this one may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state. *Southwire Co. v. Transworld Metals & Company Ltd.,* 735 F.2d 440 (11th Cir.1984); *Burger King Corp. v. Macshara,* 724 F.2d 1505, 1508 (11th Cir.1984); *Oriental Imports & Exports v. Maduro & Curiels,* 701 F.2d 889, 890 (11th Cir.1983); *Rubaii v. Lakewood Pipe of Texas, Inc.,* 695 F.2d 541 (11th Cir.1983). The reach of the state's long-arm statute is a question of state law and a federal court must construe the stat-

1. Whether or not this office in Miami is actually the Hotel's office was disputed. For purposes of this motion, the Court has assumed that the Hotel had an office in Miami for the purpose of taking reservations.

ute as though it were the highest court of the state. *Oriental Imports,* 701 F.2d at 890–91.

 In Florida, the long-arm statutes require more activities or contacts than are required by due process considerations. *Bloom v. A.H. Pond. Co., Inc.,* 519 F.Supp. 1162, 1167 (S.D.Fla.1981). Moreover, the Florida long-arm statutes are strictly construed and the burden is on the party invoking jurisdiction to prove that the use of the long-arm statute is appropriate. *Oriental Imports,* 701 F.2d at 891.

In the instant case, the plaintiff has invoked jurisdiction under Fla.Stat. §§ 48.181 and 48.193. Sections 48.181(1) and 48.-193(1)(a) permit the exercise of personal jurisdiction over a non-resident corporate defendant only where the claims arise out of business transacted in the state. *Caribe & Panama Investments v. Christensen,* 375 So.2d 601, 603 (Fla. 3d DCA 1979); *Bloom v. A.H. Pond,* 519 F.Supp. at 1168. As Judge Kehoe found in *Bloom:*

> Personal jurisdiction over non-resident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida. This has been described as the "connexity" requirement that must be met before jurisdiction can be sustained. *It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There also must be some nexus or connection between the business that is conducted in Florida and the cause of action alleged.*

*Id.* (footnote omitted; emphasis added).

The "connexity" requirement referred to by Judge Kehoe in *Bloom* stems from the language of the statutes. Section 48.193(3) states: "Only causes of action *arising from* acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this action." (Emphasis added.) Similarly, Section 48.181(1) authorizes personal jurisdiction of a foreign corporation for causes of action *"arising out of any transaction or operation connected with or incidental to business or business venture"* conducted in Florida. (Emphasis added.)

 In the present case, the Court finds that it cannot be fairly said that this cause of action "arises from" the defendant's business activities in the state of Florida. Any alleged negligence on the part of the hotel in the Dominican Republic has no real connection to the contractual arrangements for reservations made with an office of the hotel in Miami. This is not a dispute over the price of the accommodations or the type of accommodations bargained for. Similarly, there is no allegation that the hotel breached any sort of implied warranty of habitability of its accommodations in the Dominican Republic.

In sum, there simply is not enough of a connection between the defendant's business activities in Florida—taking reservations—and any alleged negligence on its part in the Dominican Republic to warrant subjecting the defendant hotel to the jurisdiction of this Court.