PER CURIAM.
Hertz International, Ltd., a foreign corporation, appeals from an order of the Bro-ward County Circuit Court denying its motion to dismiss for lack of personal jurisdiction. We reverse.
In Hertz Corporation v. Abadlia, 489 So.2d 753 (Fla. 4th DCA 1985), present appellant was one of two appellants from an earlier order denying a similar motion. This court found that the complaint as then written failed to demonstrate any connection between the cause of action and appellant’s business activities in Florida. This court held that sections 48.181 and 48.193, Florida Statutes (1983) required connexity between the cause of action and the foreign corporate defendant’s business activities in this state, and that a 1984 change in section *171 48.193, abolishing the connexity requirement, did not apply retroactively to this case. The order appealed from was reversed with the understanding that if so advised, the appellant could amend its complaint. Id. at 754.
Appellee Mrs. Abadlia was allegedly injured in Tunisia on September 6, 1983, when a car that had been rented from another defendant, Tunisie Auto Tourisme, S.A., a licensee of appellant, had a blowout, went out of control and was in a serious collision.
In the motion whose denial is here on appeal, appellant alleged that appellees have failed to cure the defects cited in this court’s 1985 opinion: appellants still have not stated where the lease agreement was entered, nor alleged that the cause of action arose out of appellant’s activity in Florida. Several affidavits from responsible and knowledgeable officials and employees of The Hertz Corporation, appellant’s parent corporation and also a defendant in this case, support the motion.
As the complaint now reads, the alleged connections with Florida appear to be that appellees reserved a rental car in Tunisia by calling The Hertz Corporation’s 800 number at its Oklahoma reservations center from a telephone in Florida; that The Hertz Corporation does business in Florida and advertises worldwide rentals, and that the lessor of the automobile involved in the cause of action is a licensee of Hertz International, which is a wholly-owned subsidiary of The Hertz Corporation. The actual rental contract was executed between Tuni-sie Auto Tourisme and appellees in Tunisia, where the accident also occurred.
We agree with appellant that the law of the case requires reversal of the order now being appealed. See, e.g., Department of Transportation v. Soldovere, 500 So.2d 568, 569 (Fla. 4th DCA 1986), quashed on other grounds, 519 So.2d 616 (Fla.1988) (previous ruling of appellate court on issue actually considered and decided in earlier appeal in same cause of action remains law of the case, whether correct in principle or not, so long as facts remain the same, and may be reconsidered only to prevent manifest injustice). We find that the same defects remain, and personal jurisdiction of appellant has still not been demonstrated. Appellees have failed to show connection between this cause of action and business operations, if any, that appellant or its agent conducted in Florida. See, e.g., Limardo v. Corporacion Intercontinental, 590 F.Supp. 1109, 1111 (S.D.Fla.1984); Bloom v. A.H. Pond Co., 519 F.Supp. 1162, 1168 (S.D.Fla.1981); Moo Young v. Air Canada, 445 So.2d 1102, 1104 (Fla. 4th DCA), petition for review dismissed, 450 So.2d 489 (Fla.1984).
Finally, appellees’ argument before the trial court that, according to Pesaplastic, C.A. v. Cincinnati Milacron Co., 750 F.2d 1516 (11th Cir.1985), the question of whether The Hertz Corporation has acted as appellant’s agent in Florida should be submitted to the jury, is not well taken. The question of agency is indeed generally for the finder of fact to decide, but not when “the evidence is susceptible to but one interpretation.” Amerven, Inc. v. Abbadie, 238 So.2d 321, 322 (Fla. 3d DCA 1970). For that matter, even if such agency were established, appellees have failed to relate the agent’s activities to the instant cause of action, thus failing to fulfill the connexity requirement in effect at times pertinent.
The order appealed from, denying appellant’s motion to dismiss for lack of personal jurisdiction, is reversed.
DOWNEY, GLICKSTEIN and GUNTHER, JJ., concur.