445 So.2d 1102 (1984)
Derrick Waverly MOO YOUNG, Appellant,
v.
AIR CANADA, a Foreign Corporation; and Venezolana International De Aviacion, S.A., a Foreign Corporation, Appellees.
No. 83-1007.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
*1103 Thomas R. Trompeter of Casuso & Trompeter, South Miami, for appellant.
Walters, Costanzo, Russell, Zyne & Newman and E.J. Rickenback of Miller & Cliff, Miami, for appellee/Air Canada.
J. Michael Nifong, Sandra S. Barker of Squire, Sanders & Dempsey, Miami, for appellee/Venezolana De Aviacion, S.A.
DOWNEY, Judge.
Appellant, Derrick Waverly Moo Young, sued appellees, Air Canada and Venezolana International de Aviacion, S.A., both foreign corporations, in the Broward County circuit court and attempted to obtain service of process pursuant to Section 48.181, Florida Statutes (1981). The trial court dismissed the complaint for lack of jurisdiction over appellees and Moo Young appealed.
Essentially, the amended complaint alleged that Moo Young operated a business involving the shipping of agricultural products and other goods; his principal place of business is Broward County, Florida. Air Canada and Venezolana jointly operate a weekly cargo flight between San Jose, Costa Rica, and Toronto, Canada. Moo Young alleged that appellees breached their agreement with him whereunder he was to have the right to ship goods on this flight on an exclusive basis.
Air Canada filed a motion for more definite statement. Venezolana and Moo Young filed a joint motion to vacate a default judgment against Venezolana. Thereafter, appellees filed motions to dismiss for lack of subject matter and personal jurisdiction. Moo Young contends that the trial court erred in dismissing his action for want of jurisdiction over appellees.
Moo Young claims that the trial court had jurisdiction over the appellees because they both do business in Florida, namely, transporting persons and goods by air. In addition, Moo Young contends that appellees waived the right to contest personal jurisdiction because their motions prior to the motion to dismiss for lack of jurisdiction constituted general appearances before the trial court.
Appellant is wrong on both counts. The alleged contract between Moo Young and appellees did not involve any activity in Florida of the type necessary to create the minimum contacts required for jurisdiction. The weekly flight went from San Jose to Toronto; there was simply no nexus alleged between the performance of the contract and the appellees' business in Florida. As stated in Venezolana's brief:
The oral contract at issue in this case had no nexus whatsoever with the State of Florida. The action is predicated upon an alleged breach of an alleged oral contract between MOO YOUNG and VIASA [appellee Venezolana] for an exclusive shipment of certain agricultural products on a once a week flight jointly operated by VIASA and Defendant, Air Canada from San Jose, Costa Rica to Toronto, Canada. Other than allegations that Plaintiff resides in Broward County, Florida, made phone calls to the defendants, and that VIASA operates an airline with regularly scheduled commercial routes within the United States, including the State of Florida, even the Amended Complaint did not contain any allegations that would have supplied the necessary nexus. Nowhere did or could MOO YOUNG have alleged that the contract was entered into in the State of Florida; that the alleged contract was breached in the State of Florida; or that any of the transactions at issue had any nexus with the State of Florida at all. It is, therefore, irrelevant that VIASA is doing business in the State of Florida since it has not been shown that the present suit *1104 arose out of any transaction connected with VIASA's business in Florida.
The fact that a non-resident does business in Florida is not enough to obtain jurisdiction over it. In addition, there must be some connection between the cause of action pleaded and the business operations conducted in Florida. This principal of connexity is described in Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162 (S.D.Fla. 1981), wherein the court stated:
Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida. This has been described as the `connexity' requirement that must be met before jurisdiction over a nonresident can be sustained. It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged. This interpretation of the long-arm statutes is supported by both state and federal courts faced with the problem. (citations omitted.)  Bloom, supra, at 1168.
Because no sufficient connection between the cause of action and appellees' business operation in Florida was demonstrated, dismissal for lack of jurisdiction was appropriate.
The motions filed by appellees did not go to the merits of the case and therefore did not constitute a general appearance waiving the absence of jurisdiction. See Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982); McKelvely v. McKelvely, 323 So.2d 651 (Fla. 3d DCA 1976).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.