SCHEB, Judge.
Fred G. Kuester filed suit against Setko Fasteners, Inc., an Illinois corporation. Kuester sought damages for Seiko’s alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. section 621, et seq. Setko moved to dismiss on the ground that the court did not acquire jurisdiction over it under section 48.193, Florida Statutes (1981). The trial court denied Setko’s motion, and this timely appeal ensued. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
Setko posits that section 48.193 requires a connection or nexus between a plaintiff’s cause of action and a defendant’s activities in this state.[1] It argues that Kuester can *840 not invoke long-arm jurisdiction against it, because Kuester failed to demonstrate any connexity between his cause of action and Setko’s activities in Florida. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA), petition for review dismissed, 450 So.2d 489 (Fla.1984).
We think Kuester’s sworn complaint is sufficient. He alleged that for seven years he had been employed as a sales engineer for Setko in Pinellas County. He stated that his operation involved calling on defendant’s customers in Florida and other regions in the United States and that Setko installed a WATS line in his residence to facilitate his conduct of the company’s business. The office in his residence and the WATS line, he contended, were used exclusively for the sale of Setko’s products. Finally, he alleged that his cause of action arose out of the termination of his employment here in Florida.
The law imposes safeguards against a foreign corporation being sued in another state. Therefore, even where a complaint sufficiently alleges a defendant’s contacts with the state and the connexity of the plaintiff's cause of action with those contacts, a defendant may still come forward with evidence showing the inapplicability of the long-arm statute. See Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla.1977). Setko attempted to introduce such evidence by filing an affidavit from James Brown, its vice chairman and vice president of sales. Brown denied that Setko maintained any office or representatives in Florida. He affirmatively stated that Kuester worked out of the company’s Illinois office and merely resided in Florida for his own convenience. Brown’s affidavit left unrebutted only Kuester’s allegations that he was employed by Setko and that Setko had installed a WATS telephone line in his Florida residence.
We think the jurisdictional allegations in Kuester’s sworn complaint, taken as a whole, are sufficient to invoke long-arm jurisdiction under section 48.193. However, the two unrebutted allegations, standing alone, are not. Therefore, the court should have held an evidentiary hearing before making a determination as to jurisdiction.
Accordingly, we reverse and remand with directions to the trial court to conduct an evidentiary hearing to determine if Kuester can substantiate the sworn allegations in his complaint concerning jurisdiction. If he can, the trial court should deny Setko’s motion to dismiss. If he cannot, the court should grant the motion to dismiss for lack of jurisdiction.
Reversed and remanded.
RYDER, C.J., and HALL, J., concur.

. Section 48.193 provides in part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries, on a business or business venture in this state or has an office or agency in this state.