489 So.2d 753 (1985)
The HERTZ CORPORATION and Hertz International, Ltd., Appellants,
v.
Sylma ABADLIA and Houcine Abadlia, Her Husband, Appellees.
No. 85-215.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
As Amended on Rehearing March 19, 1986.
Sherryll Martens Dunaj of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellants.
Robert F. Jordan and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellees.
DOWNEY, Judge.
Appellants, The Hertz Corporation and Hertz International, LTD., appeal from a non-final order denying their motion to dismiss the complaint against them for lack of personal jurisdiction.
Appellees, Sylma Abadlia and Houcine Abadlia, arranged to rent a Hertz car for their vacation in Tunisia. The rental car was allegedly defective, causing an accident resulting in injury to Mrs. Abadlia. The Abadlias filed a complaint in the circuit court of Broward County against Hertz Corporation and Hertz International, LTD., for breach of implied warranties, strict liability, negligence, and breach of contract. The Hertz Corporation and Hertz International, LTD., moved to dismiss the complaint on the grounds of lack of in personam jurisdiction and specifically stated:
It affirmatively appears from the Complaint that the incident giving rise to the subject claim did not occur within the State of Florida and did not arise out of the business of either the HERTZ CORPORATION or HERTZ INTERNATIONAL, LTD. being conducted within this state and accordingly, the Florida long-arm statute does not provide jurisdiction herein over these Defendants.
We find that the trial court erred in denying the motion to dismiss for the following reasons.
Paragraphs 6, 7, and 8 of the complaint, which set forth the basis for in personam jurisdiction over the appellants, read as follows:
6. At all times material to this action, Defendants, HERTZ INTERNATIONAL, LTD. and TUNISIE AUTO TOURISME, S.A., sold, consigned or leased tangible personal property in this state, including automobiles, through THE HERTZ CORPORATION which was acting as their broker, distributor, or agent.

*754 7. At all times material to this action, Defendants, HERTZ INTERNATIONAL, LTD. and TUNISIE AUTO TOURISME, S.A., operated, conducted, engaged in or carried on a business or business venture in this state through their agent or parent, THE HERTZ CORPORATION.
8. Prior to August 22, 1983, Plaintiffs contacted HERTZ to reserve a car for use on their vacation in Tunisia and HERTZ agreed to rent a suitable vehicle to Plaintiffs.
Significantly, appellees fail to allege where the lease agreement was entered into and further do not state that this cause of action arose out of appellants' activities in Florida.
Both sections 48.181 and 48.193, Florida Statutes (1984), require that there be a "connexity" between the cause of action and the defendant corporation's activities in Florida. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984); American Motors Corporation v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985); Setko Fasteners, Inc. v. Kuester, 470 So.2d 838 (Fla. 2d DCA 1985). The complaint does not demonstrate any connection between the cause of action and appellants' business activities in Florida, and therefore the jurisdictional allegations of the complaint are not sufficient to invoke long-arm jurisdiction under sections 48.181 and 48.193.
In addition, we note that the amendment to section 48.193, Florida Statutes, which became effective on April 25, 1984, abolishing the connexity requirement should not be retroactively applied to this case. See AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975); Gordon v. John Deere Co., 264 So.2d 419 (Fla. 1972); Astra v. Colt Industries Operating Corp., 452 So.2d 1031 (Fla. 4th DCA 1984); American Motors Corp. v. Abrahantes, supra; A.J. Sackett & Sons Co. v. Frey, 462 So.2d 98 (Fla. 2d DCA 1985).
Accordingly, the order appealed from is reversed.
HERSEY, C.J., and HURLEY, J., concur.

ON PETITION FOR REHEARING
DOWNEY, Judge.
By petition for rehearing appellees point out that The Hertz Corporation conceded in appellant's brief that it is subject to the jurisdiction of the trial court, although The Hertz Corporation went to great pains to convince us that it should not even be sued in this case. Be that as it may, our opinion of December 31, 1985, reversing the non-final order as to The Hertz Corporation was in error.
Appellees further contend that, at the least, we should, on remand, direct the trial court to allow appellees to file an amended complaint to allege facts that would show jurisdiction.
Accordingly, we amend our opinion of December 31, 1985, to provide:
1. That the order of the trial court as to The Hertz Corporation is affirmed.
2. That the order as to Hertz International, Ltd., is reversed and the cause is remanded for further proceedings including allowing appellees to file an amended complaint if they be so advised.
HERSEY, C.J., and HURLEY, DANIEL T.K., Associate Judge, concur.