510 So.2d 1177 (1987)
WINDELS, MARX, DAVIES & IVES, a New York Partnership, Paul Windels, Jr., Eric W. Bruenner, James P. Conroy, Anthony A. Dean, Daniel F. Duff, Jr., Andrew W. Grass, Jr., Roger I. Harris, Charles L. Herterich, John M. Kriz, Richard R. Lury, Robert J. Lynch, J. Daniel Mahoney, Francis X. Markey, John J. McDermott, Raymond T. Munsell, Edward P. Nolan, Charles L. Stewart, John Yeatman Taggart, and Robert D. Taisey, Individually and Jointly As Co-Partners D/B/a Windels, Marx, Davies & Ives, a New York Partnership, Appellants,
v.
SOLITRON DEVICES, INC., et al., Appellees.
No. 4-86-2040.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
Robb R. Maas of Alley, Maas, Rogers, Lindsay & Chauncey, Palm Beach, for appellants.
Phillip G. Gildan of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, for appellees.
STONE, Judge.
This is an appeal from a non-final order denying a motion to abate for lack of personal jurisdiction. The plaintiff sued its attorneys for losses incurred as a result of alleged legal malpractice. Plaintiff contends that the defendants, in defending plaintiff in a New York lawsuit, failed to furnish it with certain information and advice relating to settlement. The trial court conducted a hearing on the jurisdiction issue *1178 following which, by agreement, affidavits and depositions were taken and submitted to the court. The trial judge made no findings of fact. The plaintiff, a New York corporation, has its headquarters and principal place of business in Florida. The defendants are an out of state law firm and its members; the members are not admitted to practice in this state. Plaintiff employed the defendant to represent it on a "monthly retainer" basis.
The employment agreement consisted of an exchange of letters and communications. The plaintiff was involved in three major litigation matters. In return for a total of ten thousand dollars per month, the defendants were to handle three cases, handle the company's other legal affairs, and to furnish legal advice. Included in the evidence is the following letter to the plaintiff evidencing this agreement:
At our meeting Friday afternoon, we discussed the various legal problems facing Solitron. The three principal ones are the U.S. Treasury claim relating to the GRFF `good will' write-off, the action in the Court of Claims to set aside the assessment by the Renegotiation Board, and the Sirota class action pending in the Southern District of New York. In addition, Solitron has a number of routine legal matters and various small litigations. You will need continuing basic advice respecting major legal problems as they occur, including corporate and financial transactions, future acquisitions, mergers, recapitalizations, and so forth.
It is quite apparent that your basic legal position has advanced in the last year and, with the successful refinancing of the debentures, Solitron is far stronger than it was. However, there has been considerable duplication and confusion resulting in some missed opportunities, unnecessary expense, misunderstanding, and instances of too much communication and too little communication. You have stated that you wish to place the legal affairs of Solitron in our hands on a regular retainer basis. You will also retain Jack Freidman to continue the work which he has been doing, and he will be available to work with us. For this retainer, we will pursue the three major matters which I mentioned; and, as to them, if outside counsel is required aside from Jack, the expense of such counsel will be borne by us. Solitron will make available to us at its expense the services of Price Waterhouse and such other nonlegal experts and organizations as may be necessary. You will also pay local counsel in various matters which might arise requiring local counsel. I suggest that all the efforts of local counsel be coordinated through Jack or this firm.
In payment for the foregoing, Solitron offered this firm a regular retainer of $10,000 per month payable in advance on the first of the month together with out-of-pocket expenses for which we will bill you periodically, as we have agreed. It is understood that this retainer will continue indefinitely and that it is not dependent upon the continuation in whole or in part of any of the particular legal matters which we will be handling for you. It is anticipated that our regular time charges will exceed or may be less than this retainer from time to time but that over a long range and based upon our past experiences, this seems to be a fair and adequate arrangement.
You requested that this arrangement go into effect March 1st, and we agree to that also.
There is evidence in the record of substantial activity in Florida over a period of several years by the out of state law firm incident to this representation of Solitron, covering various matters. One case in which the firm represented Solitron was a tax case in Miami. On numerous occasions, the defendants' work was actually performed in Florida, as well as by telephone and mail. The defendants handled the minutes of the directors' meetings, reviewed books and records, dealt with press releases, and negotiated a loan in Florida. All retainer payments were made from Florida.
To establish jurisdiction, the plaintiff must show that the defendants fall within *1179 the ambit of Florida's long arm statute. Section 48.193, Florida Statutes, provides:
(1) Any person, whether or not a citizen or resident of this state, who ... does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
... .
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury either:
1. The defendant was engaged in solicitation or service activities within this state; or
... .
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
The defendants assert that the tort, if any, occurred in New York and that any injury to plaintiff occurred in that state. See Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986); Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolf, P.A., 85 A.D.2d 861, 446 N.Y.S.2d 447 (N.Y. 3d Dept. 1981). Although the testimony was disputed, there was substantial evidence before the trial court to support a conclusion that the defendants were engaged in a continuing business relationship within this state. The defendants may not escape Florida jurisdiction merely because the particular act or omission causing the injury relates to a portion of the representation being conducted elsewhere. We are not unmindful of the requirement that the plaintiff establish a "connexity" between the forum state activities and the subject matter of the cause of action. See Hertz Corp. v. Abadlia, 489 So.2d 753 (Fla. 4th DCA 1985); Kravitz v. Gebrueder Pletscher Druck-Gusswaremfabrik, 442 So.2d 985 (Fla. 3d DCA 1983).
Section 48.193 was amended in 1984 to expand jurisdiction to cover a defendant engaged in substantial activities within Florida regardless of whether the claim arises from that activity. The amendment does not apply retroactively to this case. Hertz Corp., 489 So.2d at 754. It is not necessary, however, to rely on the amendment to establish jurisdiction in this case; the trial court could conclude that the acts were directly connected to the defendants' very substantial activity in Florida, thus establishing jurisdiction under subsection (1)(a) of section 48.193. Cf. Bank of Wessington v. Winters Government Securities Corp., 361 So.2d 757 (Fla. 4th DCA 1978); Citizens State Bank v. Winters Government Securities Corp., 361 So.2d 760 (Fla. 4th DCA 1978); Horace v. American National Bank & Trust Co., 251 So.2d 33 (Fla. 4th DCA 1971); Compania Anonima Simantob v. Bank of America, 373 So.2d 68 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980); Dubree v. Myers, 464 F. Supp. 442 (D.Vt. 1978); Waterval v. District Court, 620 P.2d 5 (Colo. 1980), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).
We need not address plaintiff's contention that subsections (b), (f), and (g) of the statute are also applicable. See Carida v. Holy Cross Hospital, Inc., 424 So.2d 849 (Fla. 4th DCA 1982); International Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984); Kravitz, 442 So.2d at 986. We need not address the issue raised concerning service of process, as it is not disputed that the service does not confer jurisdiction over any partners unserved except as to partnership assets.
The order of the trial court is affirmed.
DOWNEY and GLICKSTEIN, JJ., concur.