557 So.2d 193 (1990)
Rex Daniel ZIMMERMAN, Appellant,
v.
Nathan WEINBERG, Appellee.
No. 88-2043.
District Court of Appeal of Florida, Fourth District.
February 21, 1990.
Rehearing and Rehearing Denied March 21, 1990.
R. Fred Lewis of Magill & Lewis, P.A., Miami, and Kuvin & Denman, P.A., Fort Lauderdale, for appellant.
*194 Marcia E. Levine of Fazio, Dawson, DiSalvo, Cannon, Levine & Abers, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied March 21, 1990.
GARRETT, Judge.
Appellant seeks review of the denial of his motion to vacate default. Appellee sued appellant for damages from a motorcycle accident. After substituted service, appellant did not respond and the clerk entered a default. After fourteen months, appellant filed a motion to dismiss for failure to prosecute, but at the hearing the trial judge found record activity and denied the motion. Later, appellant failed to get the pending trial continued so he could prepare the motion to vacate default raising insufficiency of the substituted service as its sole issue. The trial court eventually denied the motion to vacate default without written explanation, but the record indicates that the judge adopted appellee's argument that appellant had waived his claim of lack of jurisdiction by filing the various motions.
We affirm. Although filing a motion to continue in order to prepare an "answer or otherwise respond to the complaint" does not subject one to the jurisdiction of a court, Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984), a waiver of a lack of jurisdiction claim does occur when a party makes an appearance and claims rights under available Rules of Civil Procedure. Joannou v. Corsini, 543 So.2d 308, 311 (Fla. 4th DCA 1989); Banco De Costa Rica v. Rodriguez, 550 So.2d 76, 77 (Fla. 3d DCA 1989). We believe our opinion also comports with this court's holding in Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984), that motions which "go to the merits"[1] constitute a general appearance. Moo Young cited McKelvey v. McKelvey, 323 So.2d 651, 653 (Fla. 3d DCA 1976), which held "a general appearance ordinarily will be effected by making a motion involving the merits of plaintiff's claim and his right to maintain the suit and secure the relief sought."
Appellant's motion to dismiss for failure to prosecute acted as a waiver of his claim of lack of jurisdiction. The motion utilized Florida Rule of Civil Procedure 1.420(e) and involved substantial legal rights of the parties which affected the plaintiff's right to maintain the suit and secure the relief sought.[2]
Although we find that the motion sub judice satisfies the Joannou and Rodriguez and Moo Young criteria, we certify the following question as one of great public importance:
DOES AN APPEARANCE BY THE FILING OF A MOTION TO DISMISS FOR FAILURE TO PROSECUTE, OR OTHERWISE CLAIMING RIGHTS UNDER THE RULES OF CIVIL PROCEDURE, CONSTITUTE A WAIVER OF A CLAIM OF LACK OF PERSONAL JURISDICTION?
Because appellant's motion to vacate only argued the insufficiency of the substituted service, we have not addressed any other ground which might have been raised. Therefore, our affirmance is without prejudice to appellant to seek, if appropriate, relief under Florida Rule of Civil Procedure 1.540(b).
AFFIRMED.
DOWNEY and STONE, JJ., concur.
NOTES
[1] "As a legal term, the word `merits' is to be regarded as referring to the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend on the discretion or favor of the court; and it implies a consideration of substance, not of form; of legal rights, not of mere defects of procedure or the technicalities thereof." 57 C.J.S. Merit (1948).
[2] Although a suit may be re-filed after a dismissal for lack of prosecution, the motion nevertheless involves substantial legal rights of the parties. For example, even if the original suit was timely filed, a plaintiff will be barred from maintaining the re-filed suit when the appropriate statute of limitations period has expired prior to the re-filing.