THREADGILL, Judge.
This is an appeal from a final judgment which perpetually enjoins I.R.T. Property Company from blocking or interfering with the access and parking rights of the adjoining landowner, Lloyd Sheehan. We find that the access and parking rights granted to Mr. Sheehan’s property have expired, and reverse the order of the trial court.
In 1968, Mr. Sheehan obtained a parcel of property which he, along with two partners, developed as Gulf Gate Shopping Center. The property included an improved out parcel, a part of which was leased to a theater for a term of twenty years. The theater lease agreement contained an express provision granting the lessee, its employees, and its customers the right to use the parking areas and access ways located upon the shopping center property.
In 1971, Mr. Sheehan transferred his interest in the shopping center property to his partners, in exchange for exclusive ownership of the out parcel. The deed granting the out parcel property to Mr. Sheehan did not include a grant of access and parking rights upon the shopping center property. In 1974, Summit Properties purchased the shopping center property from Mr. Sheehan’s former partners. Summit Properties was later merged into I.R.T. Property Company.
The parties agree that the original theater lease granting the access and parking rights has expired, although the exact manner in which the lease terminated is unclear. After Mr. Sheehan obtained the out parcel, he constructed additional buildings upon the property which, at the time of trial, housed a community college and sandwich shop.
From 1971 until late 1986, Mr. Sheehan’s tenants and their customers freely and openly used the parking areas and access right-of-ways of the shopping center property. During this time Mr. Sheehan, at the request of Summit Properties, contributed monthly payments for the maintenance and cleaning of the shopping center parking area. In 1986, Mr. Sheehan received a letter from I.R.T. indicating its intention to renovate the parking area and construct barriers between the out parcel and shopping center properties.
Mr. Sheehan filed a complaint seeking an injunction to restrain I.R.T. from blocking the out parcel’s means of ingress and egress over the shopping center property, and from blocking access to the shopping center property’s parking areas. The trial court granted the injunction. I.R.T. argues that the facts do not support the finding of an easement in favor of the out parcel property. We agree.
At the outset, we note that there is no express easement in this case. Although the original theater lease sets forth the rights Mr. Sheehan now asserts, those rights were limited to the term of the lease, which has since expired.
Mr. Sheehan maintains that an easement for access and parking was created by implication for a way of necessity in favor of the out parcel property. The supreme court has held that for such an easement to be created, an absolute necessity is required. Tortoise Island Communities, Inc., v. Moorings Ass’n, Inc., 489 So.2d 22 (Fla.1986). Here, the out parcel has direct access to westbound U.S. Highway 41, a public thoroughfare. Although this access may not be the most convenient or desirable entrance into the out parcel, it is nonetheless, access. A party claiming easement rights may not select its choice from among several means of access, even though one may be more convenient than the rest. Moran v. Brawner, 519 So.2d 1131 (Fla. 5th DCA), review denied, 528 So.2d 1182 (Fla.1988).
Furthermore, as a general rule, easements for way of necessity are not *593 applicable to parking rights. In Wimberly v. Lake Weir Yacht Club Association, 480 So.2d 224 (Fla. 5th DCA 1985), the Fifth District interpreted section 704.01, Florida Statutes (1983) as limiting implied grants for way of necessity to ingress and egress. We agree with that interpretation, and accordingly find that an easement for way of necessity has not been established in this case.
Mr. Sheehan further maintains that the trial court could have properly concluded that an easement was created by estop-pel. Equitable estoppel may be invoked in actions affecting land titles to protect a party who has taken a position, in reliance upon another’s acts, words, or silence, that would render an assertion of legal title contrary to equity and good conscience. See Cook v. Katiba, 190 So.2d 309 (Fla.1966). The doctrine of equitable estoppel is, however, inapplicable in this case. Mr. Sheehan and his former partner, Walter Harvey, testified at trial that they had an “understanding” that Sheehan would be permitted continuous use of the shopping center access and parking. There was, however, no evidence that I.R.T. or its agents made any representations to Mr. Sheehan concerning access and parking rights. Nor was there evidence presented that would support a finding of fraud or deceit on the part of I.R.T.. A party may only prevail under the theory of equitable estoppel where there is proof of fraud, misrepresentation, or other affirmative deception. Rinker Materials Corp. v. Palmer First Nat. Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla.1978).
We find, therefore, that the use of the shopping center’s access and parking by the out parcel patrons was a permissive one. Accordingly, we reverse the final judgment granting the injunction.
Reversed.
CAMPBELL, A.C.J., and FRANK, J., concur.