647 So.2d 1010 (1994)
Maria Elena PARRA, Appellant,
v.
Stephen L. RASKIN, Trustee, Appellee.
No. 94-60.
District Court of Appeal of Florida, Third District.
December 21, 1994.
Rehearing Denied January 25, 1995.
Richard B. Austin, Miami, for appellant.
Stephen L. Raskin, in pro per.
Before HUBBART, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Appellant, Maria Elena Parra, appeals both a final judgment of foreclosure and a denial of dismissal. We affirm.
Appellee, Stephen L. Raskin, filed a mortgage foreclosure action against appellant and effected service of process 198 days after the filing of the complaint. Appellee neither sought to extend the time limitation for service of process under Florida Rule of Civil Procedure 1.090(b), nor demonstrated good cause for the delayed service of process under *1011 Florida Rule of Civil Procedure 1.070(i). Appellant moved to dismiss the complaint on the ground that the mortgage was null and void, then filed an answer, counterclaim, and third party complaint. Thereafter, appellant raised the issue of untimely service of process in a renewed motion to dismiss.
Rule 1.070(i) requires service of process within 120 days after filing of the initial pleading. If process is not served within this period, good cause must be shown or the action shall be dismissed without prejudice "on the court's own initiative after notice or on motion." Fla.R.Civ.P. 1.070(i). Moreover, the Florida Supreme Court has affirmed that the 120-day time limit must be strictly applied to ensure that lawsuits are diligently prosecuted. Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992). Absent a showing of good cause for failure to meet the time limit, dismissal of the complaint is required. Id.
However, Florida Rule of Civil Procedure 1.140(h) provides that a party waives the defense of insufficient service of process if it is not presented in a pre-answer motion to dismiss or in the answer. Therefore, there is an apparent conflict between Rule 1.070(i), requiring dismissal when process is not served within the 120-day period, and Rule 1.140(h), providing waiver of insufficiency of service of process when that defense is not included in a pre-answer motion.
Florida's Rule 1.070(i) is modeled after its federal counterpart, former Federal Rule of Civil Procedure 4(j),[1] and therefore federal decisions construing the analogous federal rule are pertinent here. See Morales, 601 So.2d at 538. Likewise, Florida's Rule 1.140(h)(1) is patterned after Federal Rule of Civil Procedure 12(h)(1), and thus federal cases interpreting that rule would also be relevant.
Federal courts that have examined this issue have consistently held that, despite the mandatory language of the former Rule 4(j) dismissal provision, the defense of insufficient service of process may be waived under Rule 12(h) for failure to raise the defense in the answer or in a pre-answer motion. Pusey v. Dallas Corp., 938 F.2d 498 (4th Cir.1991); Pardazi v. Cullman Medical Center, 896 F.2d 1313 (11th Cir.1990); Kersh v. Derozier, 851 F.2d 1509 (5th Cir.1988); United States v. Gluklick, 801 F.2d 834 (6th Cir.1986), cert. denied, 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987).
These courts reason that when a defendant waives an objection to insufficient service of process by failing to timely object, the defendant thereby consents to litigate the action and the court may not, either on the defendant's motion or on its own initiative, dismiss the suit for insufficient service of process. See, e.g., Pardazi, 896 F.2d at 1317; see also Dougan v. Gustaveson, 108 Nev. 517, 835 P.2d 795 (1992).
We find these federal decisions persuasive, and therefore conclude that, despite Rule 1.070(i)'s conferral of dismissal power on the court, the untimeliness of service defense is waived where, as here, the defense is not raised in a pre-answer motion pursuant to Rule 1.140(h). Accordingly, we hold that the trial court did not err in denying appellant's renewed motion to dismiss where service of process was not perfected within the statutory period, because appellant failed to assert the defense of insufficient service of process in her pre-answer motion to dismiss.
Affirmed.
NOTES
[1] In a 1993 amendment, Federal Rule of Civil Procedure 4(j) was modified and transferred to subdivision (m). The former Rule 4(j) provided, in pertinent part, "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."