654 So.2d 649 (1995)
LENNAR HOMES, INC., a Florida corporation, Appellant,
v.
GABB CONSTRUCTION SERVICES, INC., Appellee.
No. 94-3057.
District Court of Appeal of Florida, Third District.
May 10, 1995.
*650 George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia and Peter K. Spillis, for appellant.
Parenti, Falk, Waas, and Frazier and Scott E. Solomon, for appellee.
Before HUBBART, LEVY, and GODERICH, JJ.
PER CURIAM.
A third party plaintiff appeals a non-final order granting a third party defendant's motion to quash service of process. See Fla. R.App.P. 9.130(a)(3)(C)(i). We reverse because we find that the third party defendant waived its right to contest the validity of service of process.
The underlying action arose when the plaintiff in the underlying cause, Wesley Edwards, filed a negligence complaint against the defendant/appellant, Lennar Homes, Inc. (hereafter "Lennar"), after he sustained injuries while working at one of Lennar's job sites. Lennar filed a Third Party Complaint for indemnification and/or contribution against its subcontractor, Nations Construction Services, Inc., and also against Nations' subcontractor, the appellee, Gabb Construction Services (hereafter "Gabb"). Lennar claims that it served the Third Party Complaint on Gabb on or about May 27, 1994. On June 13, 1994, Lennar sent a letter to Gabb's insurance agent stating that Gabb had been sued and that Gabb's registered agent had been "served" with process.[1] In response to this letter, Gabb filed a Motion to Dismiss Lennar's complaint for, among other things, failure to state a cause of action. This motion did not raise lack of process or insufficiency of service of process as a ground for dismissal. The trial court partly granted Gabb's motion to dismiss, and Lennar subsequently filed an Amended Third Party Complaint. Gabb then filed its Answer and Affirmative Defenses to Lennar's Amended Third Party Complaint, but once again failed to raise lack of process or insufficiency of service of process as a defense.
After checking the court file and discovering that there had been no return of service filed with the court, Gabb's counsel allegedly requested proof of service from Lennar's attorney. Gabb's counsel did not receive a response to this inquiry, and therefore filed a *651 motion to withdraw its answer and to quash service of process.[2] At the second hearing on this motion, Lennar's counsel admitted that service of process had been defective because the process server who had served Gabb was not a person authorized to serve process. See § 48.021(1)-(2)(a), Fla. Stat. (1993). Lennar, nonetheless, maintained that Gabb had waived its right to contest service by filing a motion to dismiss which did not raise lack of process or insufficiency of service of process as a defense. The trial court, however, determined that Lennar was estopped from asserting waiver as a defense to Gabb's claim of improper service because Lennar had sent a letter to Gabb's insurer informing the insurer that Gabb's registered agent had been served. The trial court, therefore, granted Gabb's motion to withdraw its answer and quash service of process. Lennar now appeals the trial court's non-final order granting Gabb's motion to quash service of process.
On appeal, Lennar contends that Gabb waived its right to assert improper service as a defense by filing a motion to dismiss and later filing an answer, neither of which raised the jurisdictional defense of lack of process or insufficiency of service of process. We agree.
A defendant who fails to contest the sufficiency of service of process at the inception of the case, whether by motion or responsive pleading, has waived this defense once he or she has entered a general appearance. See Fla.R.Civ.P. 1.140(h)(1); Parra v. Raskin, 647 So.2d 1010, 1011 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla. 1995); Zimmerman v. Weinberg, 557 So.2d 193, 194 (Fla. 4th DCA 1990); Metropolitan Dade County v. Coats, 559 So.2d 71, 73 (Fla. 3d DCA), review denied, 569 So.2d 1279 (Fla. 1990); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330, 331 (Fla. 5th DCA 1982), review denied, 430 So.2d 450 (Fla. 1983). In the instant case, the defendant filed a Motion to Dismiss Lennar's complaint for, among other things, failure to state a cause of action, and also subsequently filed an Answer to the Amended Third Party Complaint. Gabb failed to raise the defense of lack of process or insufficiency of service of process in either of these appearances. Once Gabb made a general appearance without raising these jurisdictional defenses, it waived its right to assert these defenses at a later stage in the proceedings. See Fla. R.Civ.P. 1.140(h)(1); Parra, 647 So.2d at 1011; Zimmerman, 557 So.2d at 194; Coats, 559 So.2d at 73; Consolidated Aluminum, 422 So.2d at 331.
Gabb, however, contends that Lennar should be equitably estopped from asserting waiver as a defense. Gabb's claim of estoppel is grounded in its belief that it detrimentally relied on Lennar's representation, in the letter sent to Gabb's insurer, stating that Gabb's registered agent had been "served" with a copy of the Third Party Complaint. This argument, however, must fail because the facts, as they appear in the record, do not establish the requisite elements for applying the doctrine of equitable estoppel. We note that the doctrine of estoppel "is an equitable doctrine which is applied only where to refuse its application would be virtually to sanction the perpetration of a fraud." Brickell Bay Club Condominium Ass'n v. Hernstadt, 512 So.2d 994, 996 (Fla. 3d DCA 1987), review denied, 520 So.2d 584 (Fla. 1988); see also Pelican Island Property Owners Ass'n v. Murphy, 554 So.2d 1179, 1181 (Fla. 2d DCA 1989); Capital Bank v. Schuler, 421 So.2d 633, 638 (Fla. 3d DCA 1982); McAllister Enters. v. McAllister Hotel, Inc., 219 So.2d 114, 116 (Fla. 3d DCA 1969). The following elements must be proven before a court may apply the doctrine of equitable estoppel: (1) a misrepresentation of a material fact by the party being estopped, which is contrary to a later asserted representation or position by that party, (2) reliance on that representation by the party claiming estoppel, and (3) a detrimental change in the position of the party claiming estoppel caused by that party's reliance on the misrepresentation. See State Dep't of Revenue v. Anderson, 403 So.2d 397, 401 (Fla. 1981); Rissman ex rel. Rissman Inv. Co. v. Kilbourne, 643 So.2d 1136, 1139 (Fla. *652 1st DCA 1994); Council Bros., Inc. v. City of Tallahassee, 634 So.2d 264, 266 (Fla. 1st DCA 1994); Enegren v. Marathon Country Club Condominium West Ass'n, 525 So.2d 488, 489 (Fla. 3d DCA 1988).
In the instant case, the alleged misrepresentation, was a statement in the letter sent by Lennar's attorney to Gabb's insurer, stating that Gabb's registered agent had been "served" with process. This letter was plainly a customary courtesy letter sent to inform Gabb's insurer that a suit had been initiated against its insured. The letter did not represent, or in any way indicate, that Gabb's agent had been properly or legally served with process. Gabb, however, maintains that this representation caused it to believe that service had been properly and legally administered. Gabb was not entitled to reach such a conclusion based on the representations made in the letter. The fact that Gabb's agent was provided with a copy of the summons and Third Party Complaint  i.e., that Gabb's registered agent was physically served with process  is a correct representation. There is no evidence in the record supporting a contrary assertion. As such, there was no misrepresentation upon which Gabb could justifiably rely in support of its claim of estoppel, and there could therefore be no valid assertion of estoppel. See Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co., 361 So.2d 156, 159 (Fla. 1978) (holding that "a party may successfully maintain a suit under the theory of equitable estoppel only where there is proof of fraud, misrepresentation, or affirmative deception."); I.R.T. Property Co. v. Sheehan, 581 So.2d 591, 593 (Fla. 2d DCA 1991) ("A party may only prevail under the theory of equitable estoppel where there is proof of fraud, misrepresentation, or other affirmative deception.").
It is also elementary that the doctrine of estoppel will not apply if the party seeking estoppel has equal knowledge of, or the same means of ascertaining, the truth of what has been represented. See Price v. Stratton, 45 Fla. 535, 544, 33 So. 644, 647 (1903); Pelican Island Property Owners Ass'n, 554 So.2d at 1181; Rafkind v. Simon, 402 So.2d 22, 24 (Fla. 3d DCA 1981); Overstreet v. Bishop, 343 So.2d 958, 960 (Fla. 1st DCA 1977). Here, Gabb could have determined that there was a problem with the service of process, before entering a general appearance in this case, by simply reviewing the court file. A cursory review of the court file would have revealed, as it eventually did reveal nearly two and one half months after Gabb entered its general appearance, that there was no return of service filed with the court. This fact, in and of itself, would, or at least should, have alerted Gabb that there might be a problem with the sufficiency or propriety of service. Consequently, Gabb had access to information which would have allowed it to determine whether service had been proper prior to filing a general appearance in the case. Therefore, for this reason as well, the trial court erred in applying the doctrine of estoppel to preclude Lennar from asserting its claim of waiver.
Accordingly, we reverse the trial court's order quashing service of process and remand to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] With respect to the issue of service the letter stated, in pertinent part, as follows, "Enclosed please find a courtesy copy of the Third Party Complaint which was `served' upon Ana Morales of G.A.B.B. Construction Services on May 27, 1994." (emphasis added).
[2] Gabb also filed, and was granted, a motion to amend its answer to include insufficiency of service of process as an affirmative defense. This matter, however, is not before us.